JAMES N. BETTS, Respondent, v. WILLIAM JUNE, Appellant.

Where a lease to a copartnership gives a privilege to the lessors of continuing the lease for an additional term upon giving notice of their intention to continue prior to the termination of the original term, in case of the death of one of the partners, the survivor can, as such, give the required notice and enforce a fulfillment of the covenants of the lease for the extended term.

(Argued September 18, 1872; decided January term, 1873.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial district, reversing a judgment in favor of defendant, entered upon the decision of the court upon trial without a jury, and granting a new trial.

The action was brought to recover for an alleged breach of covenant contained in a lease.

Prior to the 19th day of December, 1862, the defendant

had for some years been engaged in the tailoring and clothing business at Pulaski, in this State, having the principal establishment in his line in that place; and on that day he had a stock of goods in his business which he sold to the plaintiff, and one Anthony H. Place, for $2,900; and on the same day he executed to them, their heirs and assigns a lease of his store, with the fixtures and all his tailoring patterns, for a rent of $125, to be paid quarter yearly, "for and during the term of three years, with the privilege, at the option of the parties of the second part, of continuing the same five years, provided said parties of the second part shall give to the party of the first part at least three months notice, prior to the expiration of said three years, of their intention to continue the said term five years, which term will end on the 15th December, 1865, unless said notice be given as above mentioned; in which case said term will expire on the 15th December, 1867." The lease contained a covenant, on the part of the lessor, that he would not, during the continuance of the lease, carry on the tailoring and clothing business in the village of Pulaski; and that if he did, he would pay to the lessees the sum of $500 as liquidated damages for the breach of his covenant.

Under this lease the lessees took possession of the store, and carried on the tailoring and clothing business as partners until October 4, 1864, when Place died. Thereafter the plaintiff continued to carry on the same business down to the trial of this action in January, 1867.

In August, 1865, the plaintiff gave the defendant verbal notice that he elected to continue the lease for five years; and soon after, in the same month, he and the administratrix united in a similar notice, in writing, which was served upon the defendant.

On the 1st day of April, 1866, and thereafter, the defendant engaged in and carried on the tailoring and clothing business at Pulaski; and the plaintiff then commenced this action to recover the $500 liquidated damages provided in the lease. Before the commencement of the action, on the

26th day of April, 1866, the administratrix assigned all her interest in the lease, and all demands for the violation of any covenant contained therein, to the plaintiff.

The court found, as a conclusion of law, that the lease, as well as the covenant relied on, terminated on the 15th day of December, 1865, and ordered judgment for the defendant.

*John D. Kernan* for the appellant. This action is not brought by plaintiff as surviving partner, and he cannot recover as such. (*Merritt* v. *Seaman*, 2 Seld., 168, 171, 172 ) Plaintiff failed to give the notice, which was an express condition precedent. (*Oakley* v. *Morton*, 1 Kern., 25, 30; 2 Pars. Con., 253–259; 2 Seld., 74, 80.) Plaintiff had no right as surviving partner to renew the lease. (3 Kent [7th ed.], 69, 73; Story on Part., §§ 343, 344, 346, 347; *Nat. Bank* v. *Orton*, 1 Hill, 572, 575.) The covenant sued on applied only to the original lease, and did not extend to the continued term. (*Spencer's Case*, 2d and 3d Resolutions, 19 Law Lib. P., 18, etc.; *Mayor, etc.*, v. *Pattison*, 10 East, 130; *Norman* v. *Wells*, 17 Wend., 148, 149, 155–158, and cases cited, especially *Taylor* v. *Owen et al.*, 158; *Blain* v. *Taylor*, 19 Abb., 230; *Dolph* v. *White*, 2 Kern., 301, 302 ; *Harsha* v. *Reid*, 6 Hand, 415 ; *Vernon* v. *Smith*, 5 Barn. & Ald., 10 ; 1 Wash. on Real Prop., 328, 331, 332 ; *Wilkinson* v. *Pettit*, 47 Barb., 233, 234 ; *Allen* v. *Culver*, 3 Den., 295, 296, etc. ; *Tallman* v. *Coffin*, 4 Comst., 134.)

*S. C. Huntington* for the respondent. The right to continue the lease by giving notice is identical with the right of renewal by giving notice, and vests in the assigns or representatives of the lessee without their being named in the lease. (1 Platt on Lease, 733 ; 3 R. S. [5th ed.], 37 ; 1 Paige, 412 ; 23 Wend., 506 ; 17 id., 136, 146, 149, 152; 24 Barb., 365, 367 ; 40 id., 213, 216, 217 ; 47 id., 230 ; 3 Den., 285, 294, 298 ; 4 Paige, 510 ; 2 Platt on Lease, 402 ; 1 Kern., 494 ; 3 R. S. [5th ed.], 37 ; 1 id. [Edm. ed.], 698 ; 1 Paige, 412 ; 1 Daly, 424 ; 24 Barb., 365, 367, 525 ; 40 id., 213, 217 ; 46 id., 439 ; 47

id., 230; 43 id., 514; 20 id., 269; 33 id., 401; 29 id., 339; 25
N. Y., 462; 26 id., 558; 7 id., 472, 474; 12 id., 296; 23
Wend., 146, 149, 152, 136; 23 id., 506; 3 Den., 285, 298,
299; 1 Smith L. Cas., 116, 139; 3 Paige, 256; 4 Kent, 473,
108; 1 Platt on Lease, 733, 735, 629, 741, 747, 751, 731, 716;
2 id., 400, 401, 413, 375, 351, 352, 416, 381, 411, 419, 415,
418, 422.) Upon the death of Place all his interest and
rights in the lease became vested in and could be exercised
by his administratrix. (3 R. S. [5th ed.], 37, 169; 1 Kern.,
494; 1 Comst., 419; 6 Barb., 165; Daly N. Y. C. P., 424;
1 Platt on Leases, 731, 733, 734, 754; 2 id., 351, 352, 366,
375, 381, 402.) Plaintiff as surviving partner had a right to
continue the lease and covenant by notice. (6 Simons, 119;
3 Barb., 110; 30 id., 110; 47 id., 230; 4 Abb. 324; 7 id.,
202; 7 Paige, 26; 1 id., 393; 9 id., 178; 3 Kent, 57; 17
N. Y., 34, 354; 24 id., 505; 2 Den., 577.) The covenant
not to engage in tailoring continues as long as the lease exists.
(24 Barb., 525; 54 id., 529; 46 id., 439; 47 id., 230; 1 Kern.,
494; 3 Seld., 472; 1 Comst., 419; 1 Platt Lease, 733, 767.)

EARL, C. It cannot well be claimed that the covenant not
to engage in the tailoring business does not extend to the
whole term of five years. It was to be in force during the
continuance of the lease. There was but one lease, which, if
the notice was given, was to continue to December 15, 1867,
and the whole term of five years is spoken of in the lease as
the term of the lease, and all the other covenants in the lease
clearly apply to this whole term. Not only the language
used, but the circumstances surrounding the parties, show
quite clearly that they intended that the lessees should have
the protection of this covenant during the entire term of five
years.

But the defendant claims that Place, one of the lessees,
having died, the plaintiff, the other lessee, had no right to
give the notice extending the term or to sue for the breach of
the covenant, and whether he had such right is the only ques-
tion to be considered.

Upon the death of one of two partners, the survivor takes the partnership property for the purpose of holding and administering it until it can be converted into money and the partnership debts paid. This right is said to be given to the surviving partner, because he is chargeable with the whole of the partnership debts. He does not take the title to the property, in any sense, as assignee, but as survivor, for the purpose above mentioned, and he has all the right to and control over the property for such purposes which both partners had before the death of one. (Colyer on Partnership, § 129; *Tremper* v. *Conklin*, 44 N. Y., 58.)

This lease was partnership property. The right to renew a lease is frequently a very valuable property, and as such, when it belongs to a firm, is part of the partnership assets. It has frequently been held that if one partner takes a renewed lease in his own name when the right to the renewal belonged to the firm, he can be compelled to account for its value to his copartner; so, if after the death of his copartner he should seek to appropriate to his own benefit the value of a renewed lease, he could be compelled to account for it to the creditors of the firm, and the representatives of the deceased partner, for whom, in a certain sense, he acts as trustee. (*Holdridge* v. *Gillespie*, 2 John Ch. R., 33.)

In this case, it was the duty of the plaintiff, if he believed the extension of the term from three years to five would be of advantage to the partnership estate, to extend it by giving the notice. It may be that the extension was needed for the purpose of closing out the stock of goods on hand at the time of the death of Place. If not needed for any purpose connected with the partnership estate, and if the lease, as extended, had any value, it was the duty of the plaintiff to dispose of it in some way and realize such value. If he failed to do so, and occupied the store for his own private purposes, there can be no doubt that he could be compelled to account for the value of the lease.

. It is claimed, however, that the plaintiff could not give the notice, because, by doing so, he would create an obliga-

tion for rent binding the partnership estate. It is true that the partnership was dissolved by the death of Place, and, thereafter, the plaintiff had no power to incur any new liabilities on account thereof. After the death of his partner he could bind no one but himself; and all the liabilities of the firm fell upon him individually. He took this lease as survivor, with all the covenants pertaining to it. He had the same power and control over it, and the same right to enforce the covenants contained in it, as he would have had if he had been the sole lessee named in it. He had the power and the right to give the notice, and thus extend the lease. By so doing he undoubtedly made himself liable for the rent. Whether, in case of loss, he could reimburse himself out of the partnership estate is a matter of no concern to the defendant. That would depend upon considerations not involved here. The administratrix of the deceased partner certainly could not object, as she consented to and took part in giving the notice.

It follows, if I am right thus far, that this lease was properly extended, and that it was in force at the time of the alleged breach of the covenant by the defendant. The plaintiff was the only person who could enforce this covenant or sue for its breach. By operation of law he became the sole lessee, and the only person legally interested in this covenant.

I therefore reach the conclusion that the General Term was right, without considering some of the abstruse questions discussed by counsel upon the argument before us. In the view I have taken of this case, it depends upon plain and simple principles of law, which must control our decision.

The order of the General Term must be affirmed, and judgment absolute rendered against the defendant, with costs.

All concur.

Order affirmed, and judgment accordingly.