## LYNN v. COTTON MILLS.

(Filed June 10, 1902.)

1. COUNTER-CLAIM—*Set-off—Recoupment—The Code, Sec. 244, Subsec. 2.*

    In an action to recover for services of minor children, a counter-claim of a store account against plaintiff which had been assigned to defendant, is proper under The Code, Sec. 244, Subsec. 2.

2. EXEMPTIONS—*Homestead—Constitution, Art. X, Secs. 1 and 2.*

    Under Constitution, Art. X, Secs. 1 and 2, a defendant in an action is precluded thereby from availing himself of a counter-claim, though plaintiff aoes not own $500 worth of personal property, including the debt sued on.

3. CORPORATIONS—*Ultra Vires.*

    The purchase of a claim against an employee by a corporation, not authorized by its charter, is not *ultra vires.*

ACTION by D. B. Lynn against the Stanly Creek Cotton Mills, heard by Judge *Henry R. Starbuck,* at May (Special) Term, 1901, of the Superior Court of GASTON County. From a judgment for the plaintiff, the defendant appealed.

No counsel for the plaintiff.
*O. F. Mason,* for the defendant.

CLARK, J.    This is an action begun before a Justice of the Peace for $27.89, for work and labor done by plaintiff's minor children.    Before the action was instituted the defendant bought and took an assignment of a store account for $36.52

due by plaintiff to a firm, of which one of its officials was a member. The plaintiff is a resident of the State and is not owner of $500 personal property, including the debt for which this action is brought. On appeal the above facts were agreed, the only defense being that the defendant could not avail itself of the counter-claim set up, because:

1. The plaintiff was entitled to take advantage of his personal property exemption by claiming said $27.89 as a part thereof. 2. The purchase of the claim by defendant, a manufacturing corporation, was *ultra vires,* and, therefore, null and void, and nothing passed by virtue of the assignment to it of said claim.

As to the first point, the counter-claim comes within the definition in second subsection of The Code, Sec. 244. "In an action on contract, any other cause of action also arising on contract and existing at the commencement of the action." The homestead and personal property exemptions are, under the terms of the Constitution, Art. X, Secs. 1 and 2, exemptions "from sale under execution, or other final process," issued upon judgment recovered on any debt. The exemption is not available before judgment, so as to destroy the right of counter-claim or set-off. Otherwise, one could recover judgment when, on a balance struck, nothing is due him. The homestead and personal property exemption can only be claimed by the defendant in an execution. *Curlee v. Thomas,* 74 N. C., 51, and cases there cited; *Commissioners v. Riley,* 75 N. C., 144.

As to the second point, the purchase of the claim against plaintiff was not "carrying on a business" not authorized by its charter, and hence was not *ultra vires.* It was simply an incidental act in the legitimate exercise of its functions. Upon the facts agreed judgment should have been rendered in favor of defendant for the excess of its counter-claim, to-wit, $8.63 and costs.

Reversed.