SHELL AND SOUTHERLAND v. J. H. AIKEN ET AL.

(Filed 11 May, 1911.)

1. Partnership — Contracts — Counterclaim—Breach of Covenant— Credit on Note.

Defendant partnership, consisting of man and wife, were sued on a note given for the purchase of a livery business, the subject of the partnership. The husband claimed damages for breach of warranty in the purchase of a surrey plaintiff subsequently sold him for the partnership, as a counterclaim. *Held*, the note being joint and several, the damages allowed on the breach of warranty to the husband in the judgment was a proper credit on the note.

2. Damages—Contract—Breach of Warranty—Tort—Waiver.

A counterclaim for damages for a breach of warranty arises out of contract and can properly be set up in an action thereon, and the defendant may waive the tort and sue in contract.

APPEAL by plaintiff from *Long, J.,* at the February Term, 1910, of CATAWBA.

*A. A. Whitener for plaintiff.*
*W. A. Self and C. L. Whitener for defendant.*

CLARK, C. J. The plaintiffs, Shell & Southerland, a partnership, sold their livery business to the defendants, who were husband and wife, taking a note, signed by them both, in the sum of $600, upon which this action is brought. The husband pleaded as a counterclaim that subsequently to the above sale the plaintiffs sold him a surrey for $142 and warranted the same; that the surrey proved to be worthless, and he sets up damages for the breach of warranty as a counterclaim. The jury assessed the counterclaim at $100, which was deducted from the amount which was admitted to be due upon the note.

The plaintiffs present several exceptions, but in their brief they are practically reduced to two propositions. They contend that the counterclaim was due to the husband only, and therefore judgment should have been rendered against the wife for the full amount of the note. But, as the note was joint and several, any credit allowed thereon in the judgment rendered against one

of the obligors will, of course, be a payment as to the other. The note sued on was due to the partnership, and the counterclaim was owing by the partnership, and was therefore properly allowed as a counterclaim.

The second contention of the plaintiffs is that the counterclaim was for a tort, and inasmuch as it did not arise out of the same transaction it could not be set up as a counterclaim. Revisal, 481. The answer to this is that the damages for breach of warranty arise out of contract, and are therefore a proper counterclaim. Even if the counterclaim had been for fraud and deceit, and therefore an action *ex delicto* under the old procedure, the defendant could waive the tort and sue in contract. *Bullinger v. Marshall,* 70 N. C., 526.

No Error.