The action was claim and delivery for a mule, on averment of ownership, a wrongful withholding, and damage.
Defendant answered in partial denial and also by way of counterclaim, alleging that plaintiff's claim was based on a chattel mortgage given by defendant in purchase of the mule at the price of $240, $100 paid in cash, balance evidenced by note and mortgage sued on. Further, that there was a false warranty in sale, and breach, to plaintiff's damage.
Plaintiff replied, admitting mortgage, purchase price, and payment, and denying facts as to warranty, breach, etc.
On issues submitted, the jury rendered verdict as follows:
1. What was the value of the mule in controversy at the time of replevy by defendant Evans? Answer: $75.
2. Did plaintiff falsely warrant said mule as being a first-class 7-year-old mule, as alleged, and did said warranty, if made, induce the sale? Answer: Yes.
3. If so, what damage, if any, did defendant Evans sustain thereby? Answer: $25. *Page 444 
The court, after reciting the verdict, entered judgment:
It is now, on motion of H. L. Lyon and John D. Bellamy, attorneys for plaintiff, ordered and adjudged that the plaintiff is the owner and entitled to the immediate possession as mortgagee of the mule described in the complaint. It is further ordered that the plaintiff is entitled to recover of the defendant the sum of $150 and interest on the same from 9 May, 1914, and costs of action, less the sum of $25 found to be due the defendant as damages. It is further ordered that if possession of said mule is gotten by the (413) plaintiff, that he be sold at the courthouse door in the county of Brunswick, after first advertising time of sale for ten days, and the proceeds applied to the discharge of this judgment and costs. It is further ordered that if possession cannot be had of said mule, then and in that event it is ordered that the plaintiff recover of Noah Bennett, surety, the sum of $75, with interest from 9 May, 1914, and the costs of this action, to be taxed by the clerk, less the sum of $25 found by the jury to be due the defendant as damages.
Defendant, having duly excepted, appealed.
after stating the case: It is chiefly objected to the validity of the proceeding below that the court was without power to enter judgment on the note, when it was not mentioned in the complaint, the same only containing direct averment of ownership and an unlawful withholding of the possession, without more. It may be that the plaintiff, in strictness, should have set forth his special interest in the property (Revisal, sec. 791), but, conceding that on allegations and direct denial of ownership, the issue should be determined as the parties have seen fit to present it in their pleadings, we are of opinion that no such position is open to defendant on this record, wherein it appears that on allegations of ownership by plaintiff, defendant has answered, setting out the entire transaction, the purchase of the mule for $240, payment of $100 on the purchase price, a mortgage to secure the same, the alleged false warranty, breach, and consequent damage. The plaintiff thereupon files a reply, admitting the note, payment, and mortgage, and joins issue on the warranty, breach, and consequent damage.
These disputed questions having been settled by the verdict, we have, then, by the admissions of the parties and the findings of the jury, the entire facts determinative of the controversy, and it was right and proper to enter judgment in full adjustment of the litigation between them. *Page 445 
It has been said that "Both the spirit and letter of our present Code designs and contemplates that all matters growing out of or connected with the same controversy should be adjusted in one and the same action." Smithv. French, 141 N.C. 1, 6, 10. And not only is this true with us as a matter of general policy, but in cases of this same character there are direct decisions approving the course pursued in the present instance.Smith v. French, supra; Taylor v. Hodges, 105 N.C. 344; Griffith v.Richmond, 126 N.C. 377.
In the last case it was held that where the action is brought to recover property to secure a debt, in order to avoid circuity of action, when the debt is denied, the issues and judgment should cover the whole case, including the balance due on the debt. (414)
There is no error, and the judgment entered is affirmed.
No error.
Cited: In re Utilities Co., 179 N.C. 151; Sewing Machine Co. v. Burger,181 N.C. 251.