SINGER SEWING MACHINE COMPANY v. I. P. BURGER ET AL.

(Filed 20 April, 1921.)

1. **Courts — Jurisdiction — Statutes — Superior Courts—Justices of the Peace.**

    The Superior and justices' courts are of concurrent jurisdiction in actions to recover personal property to the value of fifty dollars, and the former has exclusive jurisdiction when the property in controversy exceeds that sum.  C. S., 1474.

2. **Same—Mortgages—Equity.**

    Because of the equity growing out of the relation of mortgagor and mortgagee when the former seeks to have the mortgaged premises foreclosed for the nonpayment of the debt, the Superior Court has jurisdiction, when the amount secured is for a less sum than two hundred dollars.

3. **Courts—Jurisdiction—Constitutional Law—Superior Courts—Justices of the Peace.**

    While under the provisions of the Constitution of 1868, Art. IV, sec. 33, the courts of the justice of the peace were given "exclusive original" jurisdiction in matters founded on contract when the amount involved did not exceed two hundred dollars, etc., the Convention of 1875 removed the restriction of legislative powers as to the jurisdiction of the Superior Court by eliminating the words "exclusive original" relating to the powers of justices courts.

4. **Courts — Jurisdiction — Justices of the Peace — Superior Courts— Statutes.**

    Every action to recover a sum of money due by contract, not in excess of two hundred dollars, etc., is required by C. S., 1473, to be originally brought in the court of a justice of the peace, unless contrary to some other legislative enactment.

5. **Same—Counterclaim.**

    Where an action on contract has originally and properly been brought in the Superior Court because of an equity involved, or its being for the possession of personal property, the recovery on a counterclaim, in the Superior Court, will not be denied for want of jurisdiction, on the ground that the demand thereof was for a less sum than two hundred dollars, the jurisdiction as to matters of counterclaim coming within the provisions of C. S., secs. 519, 521, and 602.

6. **Courts—Superior Courts—Jurisdiction—Inferior Courts.**

    The jurisdiction of the Superior Court is general and not limited, except in the sense that it has been narrowed from time to time by carving out a portion of this general jurisdiction and giving it, either exclusively or concurrently, to other courts.

16—181

**7. Courts — Justices of the Peace — Jurisdiction—Contracts—Counterclaims.**

Counterclaims in excess of the jurisdictional amount of a justice's court may not be recovered in that court, and are allowed to be pleaded only for the purposes of set-off and recoupment, as a bar to the plaintiff's demand.

**8. Courts—Justices of the Peace—Jurisdiction—Equity—Defenses.**

A court of a justice of the peace cannot affirmatively administer an equity, and may only pass thereon as a matter of defense.

**9. Actions—Pleadings—Equity—Multiplicity of Suits—End of Litigation.**

The intent and purpose of our code system of pleading is to enable parties to determine and settle their controversies in one action, the law favoring the ending of litigation and avoiding multiplicity of suits.

**10. Courts — Jurisdiction — Constitution—Statutes—Rule of Property—Procedure.**

The interpretation of the Constitution and statutes as to the distribution of jurisdiction among the Superior and inferior courts, and courts of the justices of the peace, involves no rule of property, but only of procedure.

APPEAL by plaintiff from *Bryson, J.,* at June Term, 1920, of CHEROKEE.

Civil action commenced in the Superior Court to recover a horse, plaintiff claiming under what is in substance a mortgage, executed by the defendant to secure the purchase price, on which there was a balance due of $37.

The defendant denied the right to recover, pleaded payment, and alleged that the plaintiff was indebted to him in the sum of $193 due by contract for feed of another horse, and commissions for services while acting as plaintiff's agent.

The plaintiff demurred to the allegations of indebtedness in the answer upon the ground that the Superior Court had no jurisdiction thereof, the sum demanded being less than $200, which was overruled, and the plaintiff excepted.

The plaintiff also filed a reply denying indebtedness to the defendant, and pleading the three-year statute of limitations.

The jury returned the following verdict:

"1. Is the defendant, I. P. Burger, indebted to the plaintiff, as alleged in the complaint; and if so, in what amount? 'Yes; $37.'

"2. Is the plaintiff indebted to the defendant, I. P. Burger, as alleged in the answer and counterclaim for commissions; and if so, in what amount? 'Yes; $63.'

"3. Is the plaintiff indebted to I. P. Burger for feed and keep of horse, as alleged in the answer and counterclaim; and if so, in what amount? 'Yes; $45.' "

His Honor then rendered judgment in favor of the defendant for $71, and the plaintiff excepted and appealed.

*Dillard & Hill for plaintiff.*
*No counsel for defendant.*

STACY, J. In actions to recover personal property the jurisdiction of the Superior Court is concurrent with that of a justice of the peace when the value of the property does not exceed $50 (C. S., 1474), and exclusive when the property in controversy is worth more than that sum. *Houser v. Bonsal,* 149 N. C., 51; *Noville v. Dew,* 94 N. C., 44.

The Superior Court also has jurisdiction of actions to foreclose a mortgage, although the debt secured is less than $200, because "the action is not founded on the contract merely, but on an equity growing out of the relation of mortgagor and mortgagee to have the mortgaged premises, in case of default, sold for the satisfaction of the secured debt." *Murphy v. McNeill,* 82 N. C., 224.

It follows, therefore, that the court had jurisdiction of the cause of action alleged in the complaint, whether treated as one to recover personal property or to foreclose a mortgage.

The amount of plaintiff's claim was found to be correct ($37), while defendant was awarded a verdict on his counterclaim of $108. The court entered judgment for the difference of $71 in favor of the defendant. Plaintiff appeals, assigning as error his Honor's refusal to sustain a demurrer to the counterclaim, on the ground that the sum demanded, being less than two hundred dollars, was not within the jurisdiction of the Superior Court.

It is not denied that the plaintiff's cause of action is cognizable in the Superior Court and that the defendant is entitled to judgment on his counterclaim, provided the court has authority to grant such relief. It is further conceded that the defendant may use his counterclaim as a bar or defense to plaintiff's suit. But is he entitled to an affirmative judgment for the excess over and above the plaintiff's claim? This is the question for decision.

The Constitution of 1868 (Art. IV, sec. 33) provided that "The several justices of the peace shall have exclusive original jurisdiction, under such regulations as the General Assembly shall prescribe, of all civil actions, founded on contract, wherein the sum demanded shall not exceed two hundred dollars, and wherein the title to real estate shall not be in controversy," etc. But the words "exclusive original" were omitted from this section by the Convention of 1875, and it now appears as Art. IV, sec. 27. Since this amendment, it has been held that the General Assembly may give to other courts, including the Superior

Courts, concurrent jurisdiction in such cases. *S. v. Anderson,* 80 N. C., 429; *Rhyne v. Lipscombe,* 122 N. C., 650. This authority has been exercised very generally by the Legislature in granting county courts and city courts concurrent jurisdiction with justices of the peace. Also it has been held that these courts may be given exclusive original jurisdiction of certain crimes committed within the corporate limits of a city, which were originally cognizable before a justice of the peace. *S. v. Doster,* 157 N. C., 634; *S. v. Baskerville,* 141 N. C., 811.

While it is true, sections 12 and 14, Article IV of the Constitution, provide for an allotment and distribution of certain powers among these inferior courts, recorders' courts, etc., yet these "special courts," as they were designated originally in the Constitution, were not given concurrent jurisdiction with justices of the peace *in civil matters* until after the change of 1875. *Oil Co. v. Grocery Co.,* 169 N. C., 521; *S. v. Lytle,* 138 N. C., 738; *Edenton v. Wool,* 65 N. C., 379; *Wilmington v. Davis,* 63 N. C., 582. The Convention, by several amendments, placed the matter again in the hands of the General Assembly. See Battle's History of the Supreme Court, 103 N. C., 475, and dissenting opinion in *Mott v. Comrs.,* 126 N. C., 866.

But has similar jurisdiction, in such cases, been given to the Superior Courts? This question must be answered in the negative, when dealing with the plaintiff's cause of action or when considering the genesis of a suit. *Shoe Store Co. v. Wiseman,* 174 N. C., 716; *Wooten v. Drug Co.,* 169 N. C., 64, and numerous other cases to like import. Exclusive original jurisdiction in civil actions, founded on contract, wherein the sum demanded, exclusive of interest, does not exceed two hundred dollars, is vested in the several justices of the peace by the express provisions of C. S., 1473. This has been modified to some extent by subsequent legislation in which other courts have been given concurrent jurisdiction with these courts of first instance. But, unless thus affected by some different statute, every such suit must *originate* in the court of a justice of the peace.

The case at bar, however, presents the question in relation to a counterclaim, pleaded in an action already pending and properly brought in the Superior Court. The jurisdiction, so far as the plaintiff's suit is concerned, is not attacked. It is admitted.

In sections 519 and 521, Consolidated Statutes, under the title of Civil Procedure, it is provided that the following may be set up by way of counterclaim:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action."

Again, C. S., 602, provides that the court may grant judgment in favor of the defendant for "any affirmative relief to which he may be entitled."

Under a proper construction of these statutes, it would seem that the judgment below on the verdict should be affirmed.

We are not here confronted with a constitutional barrier as in *Cheese Co. v. Pipkin,* 155 N. C., 394 (and similar cases), where the defendant undertook to set up in the magistrate's court, by way of counterclaim, a cause of action in excess of the limited jurisdiction of a justice of the peace. Nor does it appear that the decision in *Wiggins v. Guthrie,* 101 N. C., 661, is a controlling authority *contra.* In fact, no case has been found exactly in point which, under the doctrine of *stare decisis,* would require us to hold in accordance with the plaintiff's contention. On the other hand, the opinion in *McClenahan v. Cotten,* 83 N. C., 332, satisfactorily states the reasons for sustaining the judgment appealed from in the instant case. After discussing the sections of The Code relating to defenses and counterclaims, and comparing the old practice with the new procedure, *Dillard, J.,* speaking for the Court, says:

"The question now arises, how may a party use and rely on his cross-demand? The answer is, he may plead it or not at his will, but if he elect to plead it, he may do so, and then, if it be equal to or greater than the opposing demand, he may plead it in bar, as formerly, or plead it as a *defense,* so called, under The Code, the plea or defense having the operation merely to defeat the action, and not to admit of any judgment for an excess, or he may, if he will, instead of pleading it as a bar merely, set up his demand under the name and with the proper prayer of a counterclaim as introduced by The Code, and then the defendant will have judgment for the excess."

In *Wiggins' case* the plaintiff recovered $639.65. The defendant was allowed to use his counterclaim as a *recoupment* in reducing the plaintiff's demand, the Court saying: "This accorded to the defendant all the benefit to which he was entitled, and he should be content in being allowed to use it for this purpose. But the objection disappears in presence of the fact that precisely the same purpose was subserved whatever name be given to the defense. Inasmuch as the plaintiff recovered a much larger sum, whether a counterclaim, recoupment, or set-off, the opposing demand, if allowed by the jury, would necessarily be in effect a diminishing of the plaintiff's claim, and this, to some extent, would seem from the verdict to have been done, as the sum assessed by the jury is less by $25 than that demanded in the complaint, or it has been disallowed altogether." It is true the jurisdictional ques-

tion was squarely presented and ruled upon in the Superior Court, and the judgment was affirmed on appeal. But the crucial point here debated was brushed aside as immaterial, because the plaintiff recovered, and the question of granting affirmative relief to the defendant never arose; or, at least, it became academic. There was nothing else to do but affirm the judgment. This identical procedure was pursued in *Coble v. Legg* at this term, apparently as a matter of course, and without question.

In *Garrett v. Love,* 89 N. C., 207, the point was raised that the defendant's cross-action did not come within the purview of the statute defining what might be set up by way of counterclaim, and that if it did, it was not properly pleaded. Upon this ground the Superior Court declined to enter judgment in favor of the defendant and dismissed the action at the cost of plaintiff. This was reversed on appeal, and it was held that an affirmative judgment should be entered in favor of the defendant.

In *Electric Co. v. Williams,* 123 N. C., 51, the amount set up by way of counterclaim was in excess of the jurisdiction of a justice of the peace; and, of course, the defendant was not entitled to an affirmative judgment because of the constitutional limitation. This case is in the same class as *Cheese Co. v. Pipkin, supra.*

In *Smith v. French,* 141 N. C., 6, it is stated: "Our statute on counterclaim is very broad in its scope and terms, is designed to enable parties litigant to settle well-nigh any and every phase of a given controversy in one and the same action, and should be liberally construed by the court in furtherance of this most desirable and beneficial purpose."

The decision in *Yellowday v. Perkinson,* 167 N. C., 147, has no bearing upon the question of jurisdiction unless by implication, for there it was held that the plaintiff could not submit to a judgment of nonsuit without the consent of the defendant when a counterclaim was pleaded. The question under consideration was whether or not the allegations of the defendant were sufficient to constitute a counterclaim. The Court held that when such facts were alleged as would entitle the defendant to maintain a separate action against the plaintiff, legal or equitable, this would amount to a counterclaim. The sufficiency of the defendant's allegations was the point at issue. This distinguishes it from the case at bar.

The leading authority elsewhere, cited in support of the text in 24 R. C. L., 796, is *Dureson v. Blackmarr,* 117 Minn., 206. But, upon examination, it appears that the question involved in that case dealt only with a counterclaim in excess of the limited jurisdiction of a municipal court. In this respect, it is not unlike many cases in our

own Reports touching the jurisdiction of a justice of the peace. And in every case so far examined the question apparently has been made to turn on the *limited* jurisdiction of the court. For a valuable collection of cases in point, see note 37, L. R. A. (N. S.), 606.

The case of *Griswold v. Pieratt,* 110 Cal., 259, as we understand it, is not an opposite persuasive authority, though it might appear to be from a reading of the syllabus only. It is provided in the Constitution of California that their Superior Courts shall have jurisdiction in all "cases at law  .  .  .  in which the demand  .  .  .  amounts to three hundred dollars." From this language it will be seen that the Superior Courts of that State are limited in their jurisdiction like our justices of the peace. They may not entertain a claim for less than $300, while our justices of the peace may not entertain a claim for more than $200. The limitations differ only in direction and amount, and not in kind. The Supreme Court of California in this case lays down the same principle as announced by our Court in *Cheese Co. v. Pipkin, supra;* the only difference being that in the California case the limitation is downward, while with us the limitation is upward.

The jurisdiction of our Superior Courts is general and not limited, except in the sense that it has been narrowed, from time to time, by carving out a portion of this general jurisdiction and giving it, either exclusively or concurrently, to other courts. As said by *Furches, J.,* in *Mott v. Comrs.,* 126 N. C., 871: "The Superior Courts were (at the time of the adoption of the Constitution) courts of general jurisdiction, and when the jurisdiction of other courts, which were special, was taken out, the remainder was left as the jurisdiction of the Superior Courts."

It has been held with us in a number of instances that any counterclaim, coming within the purview of the statute, regardless of its amount, may be set up in a justice's court for the purposes of set-off and recoupment, as a bar or defense to the plaintiff's cause of action. But, of course, an affirmative judgment could not be entered on a counterclaim in this court unless it fell within the limitation of the jurisdiction of a justice of the peace. *Hurst v. Everett,* 91 N. C., 399. So it was said in *Lutz v. Thompson,* 87 N. C., 334, that while a justice could not affirmatively administer an equity, it might so far recognize it as to admit it to be set up as a defense, citing *McAdoo v. Callum,* 86 N. C., 419.

One of the most important purposes of the adoption of The Code system of pleading was to enable parties to determine and settle their differences in one action. The law favors the ending of litigation, and frowns upon the multiplicity of suits. Hence, whenever possible, in the construction of statutes, this wise and wholesome policy should be observed.

"The adjustment of demands by counterclaim or set-off, rather than by independent suit, is favored and encouraged by the law, to avoid circuity of action and injustice." *North Chicago Rolling Mill Co. v. St. Louis Ore and Steel Co.,* 158 U. S., 596.

What is said here in no way militates against the settled doctrine of derivative jurisdiction where a case comes to the Superior Court on appeal from a justice of the peace (*Comrs. v. Sparks,* 179 N. C., 581; *McLaurin v. McIntyre,* 167 N. C., 350; *Robeson v. Hodges,* 105 N. C., 49; *Ijames v. McClamrock,* 92 N. C., 362); nor is it to be understood that the distribution among the different courts of constitutional and statutory powers is sought to be impaired in the least. These principles, already firmly established by numerous decisions of this Court, must be preserved in their full integrity, unless and until changed in a duly authorized manner. *Mott v. Comrs., supra; Tate v. Comrs.,* 122 N. C., 661. The only question here presented is one of procedure, involving no rule of property; and we think our present decision coincides with the intention of the Legislature, and is in keeping with the true meaning and spirit of our Code of Civil Procedure.

The exceptions relating to the statute of limitations must be overruled, for the reason that the statute is pleaded only as to a part of the account; and his Honor submitted the matter to the jury as a question of fact, which they have answered in favor of the defendant.

Plaintiff's demurrer to the defendant's counterclaim for want of jurisdiction was properly overruled.

Affirmed.

Clark, C. J., concurring: Our statutes and decisions establish this: *An additional cause of action, or a counterclaim, in an action begun in the Superior Court is not required to be of any specific amount. It may be over or under $200.*

1. This is not forbidden by the Constitution, in which in 1875 the amendment struck out the requirement that the justice of the peace had "exclusive" jurisdiction of actions on contract under $200.

2. C. S., 507, provides that "The plaintiff may unite in the same complaint several causes of action of legal or equitable nature, or both," and other causes of action there specified, without limiting the amount. The limitation of $200 is only as to instituting a proceeding in the Superior Court.

3. C. S., 509 (2), provides that the defendant can set up "a statement of *any* new *matter* constituting a defense or counterclaim without repetition." This provides for any "new matter" constituting a counterclaim, without suggesting any limitation as to the amount.

4. C. S., 521 (1), requires merely that "the counterclaim must arise out of the contract or contracts set forth in the complaint as the foundation of plaintiff's claim *or* connected with the subject of the action," without any limitation as to the amount.

5. C. S., 521 (2) provides that *"any other* cause of action arising also on contract, and existing at the commencement of the action," without any suggestion of limitation, and there is nothing in the Constitution which requires such limitation, especially since the word "exclusive" was stricken out and Article XII, section 4 of the Constitution, adopted in 1875, authorized the Legislature to parcel out the jurisdiction of all the courts below the Supreme Court.

6. C. S., 2306, provides that in any action brought in a court of competent jurisdiction "it is lawful for the party against whom the action is brought to plead as a *counterclaim* the penalty" provided for usury, which is double the interest paid, but there is no provision that such counterclaim shall be as much as $200.

7. C. S., 3524, provides that when an action is brought for the recovery of property shipped or for loss or damage "The penalty herein provided for may be united in the same complaint." The limitation as to the amount of such penalty is $50.

Under all seven of the above heads for fifty years, in actions begun in the Superior Court, this Court has recognized, without a single decision to the contrary, that additional causes of action and counterclaims, whether arising on same or some other contract, or out of the same cause of action, or as penalty for usury, or a penalty on carriers for misfeasance as to the safe transportation or nondelivery of freight, can be entertained, irrespective whether the amount is under or over $200.

When the case begins in a justice of the peace court that court can render no judgment over $200, and when such case goes to the Superior Court there has been a conflict of decisions, cited and arrayed, *Holmes v. Bullock,* 178 N. C., 379, 380, whether a counterclaim *over* that amount can be set up by amendment and *adhuc sub judice lis est,* but there has been no case holding that a counterclaim less than $200 cannot be pleaded when the case began in the Superior Court.

The moving reason why the word "exclusive" was stricken out of the jurisdiction of a justice of the peace by the Convention of 1875 was not only to authorize other courts, including the Superior Court, to have jurisdiction in proper cases where the amount was under $200, but because, by pleading the counterclaim in the Superior Court, the whole matter could be adjusted, and the judgment would adjudge the balance due (whether to the plaintiff or defendant) between the two conflicting claims; whereas, if the defendant was forced to sue before

the justice of the peace on a counterclaim under $200, instead of having the option to plead it as a counterclaim in the Superior Court, the plaintiff might collect his judgment in the Superior Court if the defendant had more than the homestead and personal property exemption, but the defendant (if not allowed to plead his counterclaim), when he recovered judgment before the justice, might be barred of collecting such judgment if the plaintiff in the first action had no more than the homestead and personal property exemption. *Lynn v. Cotton Mills,* 130 N. C., 621.

For this reason, as well as to prevent multiplicity of actions, a counterclaim has always been allowed at the *option* of the defendant, irrespective of amount, except in those cases above cited where the statute *requires* the counterclaim to be pleaded, and in all cases there is no hint of any limitation that a counterclaim should be in excess of $200. The jurisdictional amount for bringing action is fixed by the statute, both in the Superior and justices courts, but there is no such limitation as to pleading a counterclaim, and the only restriction as to amount of judgment is that a justice of the peace cannot give judgment above $200, whereas the Superior Court can render judgment for any amount, whether above or below $200, as in this case the plaintiff recovers judgment for $37.

Among the numerous cases in which jurisdiction of counterclaim *less* than $200 in the Superior Court has been recognized are the following:

1. At this term, in *Cotton Mills v. Hosiery Mills,* opinion filed 2 March, 1921, the plaintiff brought his action to recover $286.94, which the jury found to be correct, and the defendant filed two separate counterclaims arising at different times and on a different state of facts; one of the counterclaims pleaded was for $82.30, accruing in 1915, on which the jury found to be due the defendant $74.60; and on the second counterclaim, accruing four years later, the jury found to be due the defendant $1,684.60, with interest, and the court thereupon rendered a judgment in favor of the defendant and against the plaintiff for the difference, to wit, $1,427.86, which judgment this Court approved in an unanimous opinion.

This procedure was strictly in accordance with the Constitution, the spirit and letter of the Code of Civil Procedure, and the uniform practice of the courts as I have always understood them.

2. In the present case, the action was brought in the Superior Court upon allegations which gave that court jurisdiction, and the defendant pleaded two matters as counterclaims, and the jury found that there was due the plaintiff on his cause of action $37, and that there was due the defendant upon one counterclaim $63 and on another counter-

claim $45, and the judge rendered judgment in favor of .the defendant against the plaintiff (all three matters having been fully tried out and determined by the jury) for the difference, to wit, $71. It is true that each of these counterclaims was for less than $200, as was one of the counterclaims in the case above cited, *Shaw Cotton Mills v. Acme Hosiery Mills.* Why should not the same rule prevail in both cases?

3. Also, at this term, in *Coble v. Legg,* the plaintiff brought an action for $452.50, and the defendant pleaded a counterclaim for $55. The jury found on the first issue that the defendant was indebted to the plaintiff $452.50 and on the second issue that the plaintiff was indebted to the defendant $55, and the court rendered judgment in favor of the plaintiff for the difference, $397.50, which was affirmed in this Court, which could not have been done unless the Superior Court had jurisdiction of the counterclaim.

4. In *Cooper v. Evans,* 174 N. C., 412, the court, *Hoke, J.,* gave judgment for the plaintiff, "deducting $25 for counterclaim," as per finding of jury on third issue.

5. In *Shell v. Aiken,* 155 N. C., 212, the plaintiff sued on a note for $600, and the defendant pleaded a counterclaim on a different transaction for $142, and the jury assessed the counterclaim at $100, and the court gave judgment in favor of the plaintiff for the difference.

6. In *Bank v. Wilson,* 124 N. C., 569 (defendant's appeal), the action was brought on a $400 note, and the defendant pleaded a counterclaim for a deposit of $100.36. This was disallowed not because under $200 (which would have prevented any discussion, if a valid defect), but because the counterclaim, not being connected with the original cause of action, was required to be one in existence at the commencement of the action. If being under $200 had deprived the court of jurisdiction of the counterclaim, no discussion on that ground would have been necessary.

7. In *Wilson v. Hughes,* 94 N. C., 182, the plaintiff brought his action to recover a horse to be sold under chattel mortgage, and the defendant pleaded as a counterclaim "damages by deceit or misrepresentation of $100." It arising out of the same transaction, the court held that it was a proper counterclaim, and upon the verdict of the jury on the issue of such damage, $5 more being found due on the counterclaim than the amount due by the defendant on the purchase of the horse, entered judgment for $5 in favor of the defendant. This was affirmed.

Very numerous cases to the same effect could be quoted, but the above represent every possible phase in which a counterclaim can be admitted, and in each of the above cases the counterclaim pleaded was less than $200.

8. C. S., 2306, recites that the penalty for usury "can be pleaded as a counterclaim in an action on the debt." In *Cobb v. Morgan,* 83 N. C., 211, where the note sued on was $600, and the defendant pleaded $120 usury as a payment, the court disallowed the latter simply because it was *not* pleaded "as a counterclaim."

9. C. S., 3524, also provides that in an action for the recovery of possession of property shipped and for loss or damage thereto, the penalty prescribed of $50 "may be united in the same complaint," and the same is true as to other penalties prescribed in that chapter, most of which, if not all, are necessarily under $200. These are independent causes of action in the Superior Court which, however, takes cognizance of them. Such joinder would be impossible if jurisdiction of the additional cause of action, the penalty under $200 which lies in contract, was required to be brought before a justice of the peace.

10. In *Levin v. Gladstein,* 142 N. C., 495, the court recognized the difference between the facts which would give jurisdiction to bring an action and that which would permit a counterclaim, saying that, while the justice of the peace had no jurisdiction to administer or enforce an equitable cause of action, he could take cognizance of an equitable defense, *Connor, J.,* saying: "It would be incompatible, with our conception of remedial justice under The Code system, to require the defendant to submit to a judgment and be compelled to resort to another court to enjoin its enforcement. This is one of the inconveniences of the old system which was abolished by the Constitution and the adoption of the Code of Practice." To apply that in this case, the plaintiff seeks to enforce his judgment for $37 but wishes to drive the defendant into an action in the justice's court to set up his counterclaims, which, as *Judge Connor* says, "Would be to restore one of the greatest inconveniences of the old system."

11. Among the large number of cases which, without any decisions to the contrary, have recognized the right to plead a counterclaim, or an additional cause of action, less than $200 in an action begun in the Superior Court, is *Bernhardt v. Dutton,* 146 N. C., 208, where *Walker, J.,* upheld the judgment asked for by the defendant on his counterclaim of $150, the plaintiff's cause of action being for the recovery of $400.

12. In *Puffer v. Lucas,* 112 N. C., 382, 384, the defendant pleaded counterclaims of $20, $26, and $70, and the court, modifying the judgment, provided that the defendant should have reasonable time to pay the sum found due the plaintiff "after deducting the counterclaims."

13. In *McKinnon v. Morrison,* 104 N. C., 354, the action began in the Superior Court to recover on an agricultural lien and to foreclose a mortgage on a horse; the defendant pleaded a "counterclaim of $90," and it was held that if the Superior Court did not have jurisdiction

of the counterclaim it could be taken advantage of on appeal, but the Court held that the Superior Court had jurisdiction, and the judgment was affirmed. That case (though not on this particular ground) has been more often cited and affirmed than any other in our Reports. See citations in 2 Anno. Ed. covering nearly a page.

14. In *Guano Co. v. Tillery,* 110 N. C., 29, the action was on a promissory note for $418, and the defendant pleaded a counterclaim for defect in the value of the fertilizer of $17 on ten tons, *i. e.,* $170, and there was no objection made by the court against the jurisdiction of the counterclaim.

15. In *Moore v. Bank,* 173 N. C., 183, the Court, *Hoke, J.,* quoted and approved the following from *Roller Mill v. Ore and Steel Co.,* 152 U. S., 596: "The adjustment of demands by counterclaim or set-off, rather than by independent suit, is favored and encouraged by the law to avoid circuity of action and injustice, citing *R. R. v. Smith,* 21 Wall., 255."

16. In *Lynn v. Cotton Mills,* 130 N. C., 621, the Court pointed out that counterclaims are favored because then the successful party recovers judgment for the difference; whereas, if the defendant is driven to another court to obtain judgment, the homestead and personal property exemption could be set up against such judgment, though the plaintiff in the Superior Court might have recovered judgment and collected it in that court.

17. In *Piano Co. v. Kennedy,* 152 N. C., 197, the jury found on the first issue in favor of the plaintiffs, $111.80, and on the second issue in favor of the defendant, $150, and the court rendered judgment in favor of the defendant for the difference. While the Court, *Brown, J.,* reversed the judgment, it was upon the legal construction of the counterclaim presented, and not upon any defect of jurisdiction of the counterclaim which, if valid, would have ended the controversy without discussion.

18. In *McCall v. Zachary,* 131 N. C., 466, the Court held that where an action has been brought to recover the fees of an office amounting to $500 there could be joined in the same action a demand for judgment against the sureties for $200 on the bond.

19. In *Adams v. Beasley,* 174 N. C., 118, the action was for $350, and the defendant pleaded in defense a payment of $50 and, further, a counterclaim for another $50. The payment was admitted, but *Allen, J.,* held that the burden of proof was upon the defendant as to the counterclaim, and he not having offered any it was disallowed, thus recognizing jurisdiction of the counterclaim.

The statute allows to be pleaded in the Superior Court, counterclaims and additional causes of action, without limitation as to the amount.

If, therefore, when the Superior Court has jurisdiction an additional cause of action can be pleaded less than $200 in favor of the plaintiff, necessarily counterclaims for less than $200 can be pleaded by the defendant. The cases in which additional causes of action under $200 have been pleaded are too numerous to be selected, but we mention only three:

20. In *Grocery Co. v. R. R.,* 136 N. C., 397, there was a recovery of $320 penalty and for additional cause of action of $10.07 for nondelivery of the goods, separate issues being submitted as the causes of action were distinct.

21. In *Meredith v. R. R.,* 137 N. C., 478, it is held that the plaintiff could recover for the damage to his household goods and furniture and also the penalty for unreasonable delay. One of these causes of action was for less than $200.

22. Revisal, 2634, provided that the cause of action for the value of goods lost could be joined in the same action with an action to recover the penalty, and in *Robertson v. R. R.,* 148 N. C., 324, the Court said, "This would be so without the statutory provision." In this and numerous other cases either the penalty or the value of the goods was under $200.

It would seem hardly necessary to cite further cases in support of the uniform practice of this Court authorized by the statute and the Constitution, and which has never been denied by any decision, that "a counterclaim or additional cause of action less than $200 can be set up in an action begun in the Superior Court." Very numerous other cases to that effect, showing the uniform practice of the courts, however, can be found and no decisions to the contrary.

At one time it was endeavored to narrow the right to plead counterclaims arising out of the transaction set out in the complaint to cases where the action was on contract. In *Bilting v. Thaxton,* 72 N. C., 541, it was decided, according to the broader spirit of The Code, that such counterclaim could be pleaded whether the action was for a tort or on contract, and it has been so held ever since.

It was also contested for a long while whether a counterclaim connected with the plaintiff's cause of action must be one matured before the action commenced, and the authorities were conflicting on that point, but the matter was finally set at rest by *Hoke, J.,* in *Smith v. French,* 141 N. C., 6, which held that "right and justice required" that such counterclaim could be allowed because "It is the policy of The Code that all matters in controversy should be settled in one action"; and he further said that, for the same reason and according to the statute, "Judgment could be rendered for the defendant if his recovery was in excess of that allowed the plaintiff." Saying further, on page 10:

"Even if the present opinion should be found to conflict with some former decision, it is only a question of procedure, not involving a rule of property, and we think it better that our present construction of the statute should now be declared the true one, as more in accord with the spirit and letter of our Code, which, as heretofore stated, defines and contemplates that all matters growing out of the same controversy should be adjusted in one and the same action." This has always been adhered to since.

The judgment in favor of the defendant for the difference is authorized by C. S., 602, which provides:

1. "Judgment may be given for or against one or more of several plaintiffs and for one or more of several defendants; and it may determine the ultimate rights of the parties of each side, as between themselves."

2. "It may grant to the *defendant any affirmative* relief to which he may be entitled."

In the court of the justice of the peace, when a counterclaim exceeds $200, it cannot render judgment on the counterclaim because above his jurisdiction upon its face, and if found to be *bona fide,* he cannot adjudge how much is due upon it but merely that it bars recovery on the plaintiff's claim, because the court of the justice of the peace cannot render judgment for more than $200.

In the Superior Court, the sum demanded in good faith confers jurisdiction, and when this is done the court is not forbidden to give judgment for less than $200. In this case, for instance, the recovery by the plaintiff is adjudged at $37. The statute, C. S., 1436, gives the Superior Court jurisdiction "of all civil actions whereof exclusive original jurisdiction is not given to some other court," and the Constitution, Art. IV, sec. 27, while it gives justices of the peace jurisdiction, "under such regulations as the General Assembly shall prescribe, of civil actions founded on contract wherein the sum demanded does not exceed $200," does not contain the word "exclusive," which was stricken out of that section by the Convention of 1875, which also inserted a new section (12) in that article, which provides that the "General Assembly shall allot and distribute that portion of this power and jurisdiction which does not pertain to the Supreme Court among the other courts prescribed in this Constitution, or which may be established by law, in such manner as it may deem best."

It is true that C. S., 1473, retains the original statute, which was enacted prior to the amendment of 1875, and gave the justice of the peace "exclusive and original jurisdiction of all civil actions founded on contract" except where the principal is above $200 or where the title to real estate is in controversy. But this section must be read in

connection with the Constitutional Amendment of 1875 and the provisions of C. S., 507, which provides that in the Superior Court "the plaintiff may unite in the same complaint several causes of action, of legal or equitable nature or both," and other causes of action there specified, without limiting the amount. And it must also be read in connection with C. S., 519 (2), 521 (1), and 521 (2).

Taking all these sections together, it is plain that the Legislature has allotted to the Superior Court jurisdiction of any additional causes of action and of all counterclaims, though under $200, provided they come within the purview of those sections and the requirements there specified, none of which requirements contain a limitation as to the amount for "pleading a counterclaim is optional." *Mauney v. Hamilton,* 132 N. C., 306. This has been the uniform practice in the courts and on appeal, without question, heretofore. For instance, the Court has held that where different causes of action exist between plaintiff and defendant, all of the same character, to prevent multifarious actions, the court will permit joinder for convenience, *Hancock v. Wooten,* 107 N. C., 9; *Heggie v. Hill,* 95 N. C., 303; *Williams v. R. R.,* 144 N. C., 502, and cases there cited, in which additional causes of action have been joined, irrespective of amount. See, also, cases in the notes to C. S., 507, and its various subheads.

In like manner C. S., 519 (2), provides that the defendant can set up "a statement of *any* new matter constituting the defense or counterclaim without repetition." There is no limitation as to the amount of the counterclaim which may be set up, and C. S., 521 (1), prescribes merely that the counterclaim must arise "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim *or* connected with the subject of action," or C. S., 521 (2), "any other cause of action arising also on contract and existing at the commencement of the action." Under that section are many instances, and on examination it will be found that not in any case whatever has a counterclaim been ever disallowed because less than $200. The language is, *"any other cause of action arising also on contract,"* without suggesting any limitation as to the amount. Neither the Constitution nor any statute restricts the jurisdiction of the Superior Court over additional causes of action, nor of counterclaims, to those over $200, when that court has acquired jurisdiction of the controversy upon the claim set out in the complaint which may be increased by the additional cause of action or reduced by the counterclaim.

C. S., 1436, defining the jurisdiction of the Superior Court, means only the jurisdiction which is necessary to be set out in good faith to confer original jurisdiction on that court of the action, and must be construed in connection with C. S., 507, authorizing a· joinder of addi-

tional causes of action, which may be of "any" amount, and C. S., 519 (2), and 521 (1) and (2), authorizing counterclaims also, without any limitation as to the amount. Either of these three sections is as valid as the other, and all three must be construed together. There is no conflict between them. The first section states the amount which will confer jurisdiction of the action upon the Superior Court; the other two are supplementary to it by permitting additional causes of action without limitation as to the amount, and allow counterclaims without prescribing any limitation upon the amount or forcing the defendant to sue in the justice's court. He has the option to set it up in the pending action.

The statute does not confer upon the Superior Court jurisdiction of an action brought for less than $200 (except where concurrent jurisdiction is given), but when the court has acquired jurisdiction, it should proceed to judge and determine the whole matter without restricting the amount of any additional cause of action or of the counterclaim. This is the soul and spirit of the new Code of Procedure. *Benton v. Collins,* 118 N. C., 196, and *Fisher v. Trust Co.,* 138 N. C., 224, citing numerous cases.

If this were not so, we would have, in this case, the Superior Court giving the plaintiff judgment for $37 and refusing the defendant judgment for the amount found to be due him. If this were permitted, there would not only be the spectacle of the defendant with a valid counterclaim being put out of court to go back into another court, at needless expense, to litigate and determine the identical matter which, as in this case, has been fully tried out and determined by a court and jury, but we should have the additional difficulty that a plaintiff might thus recover judgment in the Superior Court and obtain satisfaction out of a defendant when the latter might be barred of collecting any judgment which he would later secure before the justice of the peace, because the plaintiff might have no property over and above his exemption. Those who are familiar with the discussions on the subject of striking out the word "exclusive" at the time of the Constitutional Convention will remember that both these two reasons were given: the necessity of avoiding unnecessary litigation and to avoid depriving the defendant sued in the Superior Court of utilizing his counterclaim against the plaintiff's demand, if required to take a separate judgment in the court of the justice of the peace against which the plaintiff in the Superior Court could use his exemptions as a bar. *Lynn v. Cotton Mills,* 130 N. C., 621 (in which, however, the word "not" is left out of headnote 2).

The distinction should be kept clearly in view between the allegations which are necessary to confer original jurisdiction in an action brought

in the Superior Court or to bring it before the justice of the peace, and what may be alleged as an additional cause of action incident to settling the controversy between the same parties or as to any counter-claim allowed by the sections above quoted, which are necessary for complete settlement of the matters in controversy between parties to an action already in the Superior Court. This will reconcile the provisions of the Constitution, the statutes, the decisions, and the uniform practice of the Court, which are that when the Superior Court has obtained jurisdiction it also has jurisdiction of additional causes of action and of counterclaims, irrespective of amount, in order to settle the entire controversy.

When in *Burbank v. Comrs.,* 92 N. C., 260, it is said that if the sum sued for is less than $200 the justice of the peace alone has jurisdiction, it simply meant that upon such allegation an *action* can be brought only in that court.

The later cases do not contradict *Wiggins v. Guthrie,* 101 N. C., 677, that a recoupment less than $200 is valid in the Superior Court. In *Electric Co. v. Williams,* 123 N. C., 54, it is said: "Counterclaim is a creature of The Code and is an extension of the set-off, enlarging the class of claims that may be pleaded and enabling the defendant to obtain judgment for the excess." In *Smith v. French,* 141 N. C., 2, the Court, *Hoke, J.,* held that the defendant was entitled to a judgment "for any excess over and above the plaintiff's debt." These cases have been often cited since and are now the settled law.

In *Yellowday v. Perkinson,* 167 N. C., 147, *Allen, J.,* held that "Our statute on counterclaim is very broad in its scope and terms, is designed to enable parties litigant to settle well-nigh *any and every phase* of a given controversy in one and the same action, and should be liberally construed." It has never been denied heretofore that in the Superior Court any amount whatever can be pleaded as a counterclaim. The language of C. S., 519, is "*any* new matter constituting a defense or counterclaim." To same purport is C. S., 521. The court acquires jurisdiction of the whole controversy upon the plaintiff's demand.

Not a single case can be found in all the Reports since 1868 that in an action begun in the Superior Court a counterclaim has been denied upon the ground that it was less than $200, but in countless cases in everyday practice, and in the decisions, such counterclaims have been allowed without question. Hence so few decisions exactly in point. It would be an anomaly, indeed, if, when the Superior Court is seized of jurisdiction by the complaint, the defendant would not have the benefit of *any* counterclaim to reduce the plaintiff's recovery.

The authorities are uniform that, as provided by C. S., 602, "The defendant may recover in the Superior Court for any excess in favor of

the defendant against the plaintiff." *Electric Co. v. Williams,* 123 N. C., 51, citing *Hurst v. Everett,* 91 N. C., 405; *Wilson v. Hughes,* 94 N. C., 187. To same purport, *Yellowday v. Perkinson,* 167 N. C., 147; *Cooper v. Evans,* 174 N. C., 412; *Slaughter v. Machine Co.,* 148 N. C., 472. The cases are numerous to this effect. There are many instances of judgment in favor of the defendant for the excess as a matter of course and without discussion. *Not a single case* can be found where judgment in favor of the defendant for excess was denied in the Superior Court.

The authorities in other States are to the same effect, 25 A. & E. (2 Ed.), 498, 609. The notes on the latter page cite many authorities. To the same effect, 34 Cyc., 761, citing *Francis v. Edwards,* 77 N. C., 276, and other cases, and *McClenahan v. Cotton,* 83 N. C., 332. There are cases like *Raisin v. Thomas,* 88 N. C., 148, which hold that in the justice's court the justice cannot render judgment for a counterclaim over $200, but can allow it only to defeat the plaintiff's recovery. This is because the justice, being a court of limited jurisdiction, he cannot render judgment *above* $200, but in the Superior Court judgment can be rendered for any amount proven, whether under or above $200, if jurisdiction of the controversy is acquired by plaintiff's demand.

In 24 R. C. L., 884 (sec. 93), it is said that "Under the codes the defendant may recover on a counterclaim or set-off any excess above the plaintiff's recovery."

The above decisions and many others, and the uniform practice of the Court, establish two propositions:

1. That in an action brought in the Superior Court, an additional cause of action, or a counterclaim, in any amount may be pleaded, whether over or under $200. The court is seized of jurisdiction by the plaintiff's claim.

2. That if the verdict upon the counterclaim is greater than upon the plaintiff's demand, the defendant is entitled to judgment for the excess.

ALLEN, J., dissenting: The decision of the Court is that, in an action begun and properly constituted in the Superior Court, a defendant may have an affirmative judgment on a counterclaim arising *ex contractu,* when the sum demanded is less than $200.

The ground of the decision is that, as the word "exclusive" was omitted from the Constitution in 1875 in defining the jurisdiction of justices of the peace, the General Assembly now has the power to confer on the Superior Court concurrent jurisdiction in actions on contract when the amount is less than $200, and that it has exercised this power in sections 519 and 521 of Consolidated Statutes, wherein it is provided that, in an action arising on contract, "any other cause of action arising

also on contract," etc., may be pleaded as a counterclaim, and in section 602 that the court may grant judgment in favor of the defendant for "any affirmative relief to which he may be entitled."

I have examined the authorities carefully, and in my judgment the conclusion reached by the Court violates a well established and sensible rule of statutory construction, which has been approved in our decisions, is in direct opposition to several of our decided cases, and has no authority to support it.

This is a statement which ought not to be made unless it can be proved, and it ought to be supported by something more than a bare assertion that it has been held otherwise for fifty years, followed by a list of authorities, selected without regard to their application to the point in issue.

1. Does the decision violate a rule of statutory construction? "Whatever contradiction may appear to exist between the several sections of the Revisal—originally different statutes—is met by construing them as one statute, as by their enactment as a part of the Revisal, they become." *Connor, J.,* in *Edwards v. Sorrell,* 150 N. C., 715.

"The Revisal must be construed together as one statute." *S. v. Holder,* 153 N. C., 608.

The same principle of course applies to the Consolidated Statutes.

"As a counterclaim is in substance an action wherein affirmative relief is sought by the defendant against the plaintiff, statutes permitting the interposition of counterclaim are construed in connection with other statutes limiting the amount over which the court has jurisdiction, and it is generally held that to entitle a defendant to be heard thereon the cause of action stated by him must be within the limits of the court's jurisdiction. The court can no more exceed its jurisdiction on his demand than it can on the demand of the plaintiff, for the limitation as to jurisdiction applies to both parties to the action." 24 R. C. L., 796.

Conceding then, for the purpose of this discussion only, that since the omission of the word "exclusive" from the Constitution in 1875 the General Assembly has had the power to confer concurrent jurisdiction on the Superior Court, when the sum demanded is less than $200, and that the language of sections 519, 521 and 602, standing alone, would be an exercise of this power, these sections must be read and construed with section 1473 of Consolidated Statutes which says, "Justices of the peace shall have exclusive original jurisdiction of all civil actions founded on contract, except (1) wherein the sum demanded, exclusive of interest, exceeds two hundred dollars," and section 1436, "The Superior Court has original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other court."

It therefore appears when the Consolidated Statutes is considered as one act, and effect given to all its provisions, that the General Assembly has refused to confer concurrent jurisdiction on the Superior Court, that the jurisdiction of the justice of the peace is exclusive, and consequently, applying the rule of construction that "Statutes permitting the interposition of counterclaims are construed in connection with other statutes limiting the amount over which the court has jurisdiction," "any other cause of action," "any affirmative relief" in the statute on counterclaim mean "any cause of action" within the jurisdiction of the court.

It is not only expressly declared by statute that the jurisdiction of the justice is "exclusive," but this has been held in at least two decisions of this Court.

The Court says in *Burbank v. Comrs.*, 92 N. C., 260, in which the action was commenced in the Superior Court, and the sum demanded was less than $200, "If the sum of money mentioned is due to the *feme* plaintiff and recoverable, it is obvious that the court of a justice of the peace *alone* could have jurisdiction of the action to recover it," and in *Powell v. Allen*, 103 N. C., 49, "There are two insuperable obstacles that prevent such recovery; first, the Superior Court did not have original jurisdiction of the sum of money demanded. It being less than two hundred dollars, was within the *exclusive jurisdiction* of the court of a justice of the peace."

It is also held that the limit as to jurisdiction applies to counterclaims.

"A true counterclaim, such as that at bar, to be capable of affirmative relief, must be one on which judgment might be had in the action, and must therefore come within the jurisdiction of the court wherein it is pleaded." *Electric Co. v. Williams*, 123 N. C., 55.

2. Is the conclusion of the Court contrary to the authorities here and elsewhere?

The case of *Wiggins v. Guthrie*, 101 N. C., 677, is a direct authority against the decision of the Court.

In that case the action was brought in the Superior Court to recover over $600 alleged to be due by contract. The defendant denied the indebtedness and set up a counterclaim due by contract, less than $200, and demanded an affirmative judgment.

The judge of the Superior Court ruled that as the amount alleged in the counterclaim was less than $200 the defendant could not have judgment, and this ruling was affirmed on appeal, the Court saying on this question: "The next exception is to the ruling made at the commencement of the trial, that what the answer sets up as a counterclaim being less than $200, and cognizable in a justice's court only, could not

be enforced as a demand for affirmative relief, but the defendant could avail himself of it as a recoupment in reducing the plaintiff's demand. This accorded to the defendant all the benefits to which he was entitled, and he should be content in being allowed to use it for this purpose."

It thus appears that the question arising in this case was presented in the *Wiggins case* by exceptions duly taken and that the Court, instead of brushing it aside, decided it.

In *Electric Co. v. Williams, supra,* the Court says: "A true counterclaim, such as that at bar, to be capable of affirmative relief, must be one on which judgment might be had in the action, and must therefore come within the jurisdiction of the court wherein it is pleaded."

It is also opposed to the true test by which the right to plead a counterclaim is to be determined, as laid down in the decided cases.

"The criterion for determining whether a defense set up can be maintained as a counterclaim is to see if the answer sets up a cause of action upon which the defendant might have sustained a suit against the plaintiff; and if it does, then such cause of action is a counterclaim, and it must disclose such a state of facts as would entitle the defendant to his action as if he were plaintiff in the prosecution of his suit, and should contain the substance of a complaint, and, like it, contain a plain and concise statement of the facts constituting a cause of action." *Garrett v. Love,* 89 N. C., 207.

"Unless a defendant has some matter existing in his favor and against the plaintiff, on which he could maintain an independent action, such claim would not be a counterclaim." *Askew v. Koonce,* 118 N. C., 532.

"When facts are alleged which would entitle the defendant to maintain a separate action against the plaintiff, legal or equitable, they amount to a counterclaim." *Yellowday v. Perkinson,* 167 N. C., 147.

The quotations from *Garrett v. Love* and *Askew v. Koonce* are copied and approved in *Turner v. Livestock Co.,* 179 N. C., 460, and if the principle there laid down still prevails, the defendant in this action cannot have an affirmative judgment on his counterclaim, because he could not maintain an action in the Superior Court on the facts therein alleged.

The courts elsewhere have the same view of the statute allowing a counterclaim to be pleaded.

"A counterclaim is a cross-action against the plaintiff, and to entitle a defendant to be heard thereon in that court the cause of action stated by him must be within the limits of the court's jurisdiction. The court can no more exceed its jurisdiction on his demand than it can on the demand of the plaintiff, for, as remarked by *Chief Justice Casseday* in *Martin v. Eastman,* 109 Wis., 286, 85 N. W., 361, the limitation as to jurisdiction applies to both parties to the action." *Duresen v. Blackmar,* 117 Minn., 206.

There is a case, in another jurisdiction, which is exactly like the one now under consideration, where there are the same Code provisions as to counterclaims, as to justices of the peace and as to appeals from their decisions to the Superior Court, the only difference being that the limit of the jurisdiction of justices of the peace in that State is $300 instead of $200, as it is in this State. But this is manifestly immaterial. The counterclaim in this case is based on a contract different from the one upon which plaintiff brought his action. The case referred to is *Griswold v. Pieratt,* 110 Cal., 259, and the third headnote, which fully states the question involved and the decision thereon, is as follows:

"*Jurisdiction—Counterclaim—Justice's Court.*—In an action in the Superior Court arising upon contract, a counterclaim arising upon a different contract from that pleaded by the plaintiff, not set up solely as a defense but as a ground for an affirmative judgment against the plaintiff, is not within the jurisdiction of the Superior Court where the amount of the counterclaim is less than three hundred dollars, and any action thereupon must be by independent suit in the justice's court. The Court held that while it, the defendant's claim, might be set off against plaintiff's cause of action, no affirmative judgment could be given in favor of the defendant for the excess." (Taken from opinion of *Walker, J.*)

It is attempted to distinguish this case upon the ground that the constitutions of California and North Carolina differ, the Court saying, however, "The only difference being that in the California case the limitation is downward while with us the limitation is upward."

I fail to see the difference in the legal effect of a downward or upward course, or that a well-grounded distinction can be drawn as to the jurisdiction of the Superior Court between a constitution like ours, which gives to the justice jurisdiction of matters of contract when the sum demanded does not exceed $200, and to the Superior Court all over that amount, and one like California's, which confers on the Superior Court jurisdiction of all amounts over $300 and on justices of all under that amount.

It is simply a difference in the mode of expression.

Again, the statute relating to counterclaims applies to actions before a justice of the peace (C. S., 1500, Rule 16), and if "any other cause of action," includes all causes of action without regard to amount or jurisdiction, when applied to counterclaims in the Superior Court, as the Court holds, the logical deduction is that the same construction must be given to the same language in the same statute as applied to counterclaims before a justice, and a defendant sued for $100 may therefore, on the authority of this case, plead a counterclaim of $1,000 and obtain judgment for $900 before a justice, which is directly opposed to *Cheese Co. v. Pipkin,* 155 N. C., 396, and other cases.

3. Is there any authority which supports the decision of the Court?

A complete answer to this question would require an analysis of each case cited in the opinion of the Court and in the concurring opinion of the Chief Justice, which would unduly lengthen this opinion, and I shall therefore only examine the first three cases in each opinion cited in support of the decisions of the Court, assuming that these are as pertinent as any referred to.

It is noticeable that the learned Justice writing the opinion of the Court refers to no case which he says is in point, and that he devotes most of the discussion to an examination of authorities against the view expressed by him.

He does however cite, as supporting his position, *McClenahan v. Cotton,* 83 N. C., 332; *Garrett v. Love,* 89 N. C., 205, and *Smith v. French,* 141 N. C., 6.

*Marshall, C. J.,* says in *U. S. v. Burr,* 4 Cr., 470, that "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered," and we must therefore see what is in these cases.

In the *McClenahan* case the action was commenced before a justice to recover $173.20, and the defendant pleaded a judgment for $201, remitting, however, all in excess of the plaintiff's claim. The judge of the Superior Court applied the judgment to the extinguishment of the plaintiff's cause of action, and this was approved on appeal.

The action was not in the Superior Court, and there was no affirmative judgment in favor of the defendant.

In the *Garrett* case the action was commenced before a justice to recover on a note for $130, subject to certain credits, and the defendant pleaded a counterclaim of $85.

In the Superior Court the judge refused to render judgment for the defendant for the difference between the balance due on the note and the $85 note, and this was properly reversed on appeal.

This case has no bearing on the question raised on this appeal except it lays down the true test of a counterclaim, which we have already quoted.

The *French* case was commenced in the Superior Court to recover certain personal property conveyed to the plaintiff by chattel mortgage, and the defendant, after admitting the plaintiff's right to possession of the property, alleged that the plaintiff had seized in the action and converted to his own use property of the value of $700.

The plaintiff's cause of action and the counterclaim were within the jurisdiction of the court, and the only question debated was whether the counterclaim could be allowed, since it arose after the commencement of the action, and the Court held it should be as it was connected with the plaintiff's cause of action.

I say confidently, after an examination, that no case cited in the opinion has any more bearing on the question before us than those referred to, and in my judgment they have none.

In the opinion of the Chief Justice he cited *Cotton Mills v. Hosiery Mills, ante,* 33; *Coble v. Legg* (at this term); *Cooper v. Evans,* 174 N. C., 412; *Shell v. Aiken,* 155 N. C., 212, and other cases.

In the *Cotton Mills case* a counterclaim, consisting of $82.30 due by one contract and of $1,684.60 due by another, was allowed, but upon the familiar principle that the aggregate of the sums demanded determine jurisdiction. In other words, an action may be maintained in the Superior Court on two notes of $150 each, because the sum demanded exceeds $200, and if so, the same could be pleaded as a counterclaim. *Martin v. Goode,* 111 N. C., 288.

In *Coble v. Legg* there was no affirmative judgment for the defendant, but the court credited a claim due the defendant of $55 on the debt of the plaintiff of $452.50 and gave judgment for the plaintiff for the difference, which is always permissible.

In *Cooper v. Evans* a reference to the printed record shows that the defendant demanded damages in excess of $200, which gave the Superior Court jurisdiction, and it appears from the opinion that no judgment was rendered in favor of the defendant but that, as in the last case, his recovery was credited on the plaintiff's claim.

In *Shell v. Aiken* the same course was pursued—$100 credited on $400 due the plaintiff.

In *Wilson v. Hughes,* 94 N. C., 182, there was an affirmative judgment for the defendant upon a claim of less than $200, but the counterclaim was in tort to recover damages for false representation and deceit in the sale of a horse, and the Superior Court had jurisdiction.

WALKER, J., concurs in this opinion.