W. D. McADOO v. CALLUM BROS. & CO.

*Landlord and Tenant—Covenant to renew Lease—Summary Proceeding in Ejectment, equitable defence in.*

1. Where a lessor agrees with a lessee, that at the expiration of the lease, then subsisting, " he shall have the refusal of the premises for another year," *it was held* that the lessee had the election to rent, or not, the premises on the same terms and conditions, and on payment of the same rent, and that the lessor was bound to renew the same upon said terms, if the lessee so elected.

2. While this provision for renewal is not itself a renewal so as to vest an estate, yet it gives an equity which may be set up as a defence in a summary proceeding in ejectment.

PROCEEDING under the landlord and tenant act heard on appeal at January Special Term, 1882, of GUILFORD Superior Court, before *Gudger, J.*

The plaintiff on June 1st, 1879, leased to the defendants a store-room in one corner of his hotel with the cellar under it, for the term of one year thence next ensuing, for the sum of $200,.due in monthly parts, with condition for the surrender thereof on default of making any payment, and after five days' notice, by a covenant concluding in these words : " W. D. McADoo (the lessor) agrees with Callum Bros. & Co., (the lessees) that at the expiration of this lease they shall have the refusal of the above-mentioned premises for another year."

In the months of January and February, 1880, the plaintiff notified the defendants that he should require the surrender of the rooms at the end of the term. On May 28th following, the defendants tendered the plaintiff the rent for that month, and a written contract of lease for a second term in the form then in force, for his execution. The plaintiff refused to accept the rent or renew the lease for the same rent. On June 1st, 1880, the plaintiff sued out a

warrant under the landlord and tenant act (Bat. Rev., ch. 64, § 20,) to recover possession of the demised premises, and upon the trial thereof, after hearing evidence and argument of counsel, the justice rendered judgment that the plaintiff was not entitled to recover, and dismissed the action at his cost. From this judgment the plaintiff appealed, and notice thereof was accepted by the defendants.

On June 2nd, the day following, the plaintiff caused a notice under his signature to be served on the defendants in these words : " I am offered by a responsible party $350 for the rent of my store-room and cellar, now occupied by you, for the year beginning June 1st, 1880, and ending 31st May, 1881. You can have the refusal of it at that price. If you want to keep it, notify me at once ; otherwise I demand possession."

On the same day after service of the notice the plaintiff sued out a second warrant for the possession of the same rooms, which coming on for trial immediately before the same justice, he adjudged that the plaintiff recover the premises and the rent due under the former contract for the preceding month.

From this judgment the defendants appealed, and upon its rendition, the plaintiff recalled his appeal in the former cause. The defendants on the hearing before the justice and upon the trial in the superior court set up as a defence to the action :

1. That under the covenant for renewal they were entitled to a lease of the premises for another year on the same terms and conditions, and were not wrongfully holding over.

2. That the former proceeding and the final judgment therein were a bar to this action.

3. That if entitled to recover the plaintiff could have damages as rent at the rate of that of the preceding year, up

to September 1st, when the defendants abandoned the premises.

The court ruled that the covenant did not oblige the plaintiff to a continuance of the lease for another term at the same rental price, and that his offer of the premises at the increased rent of $350, of which he had a *bona fide* offer from another, was a compliance with the stipulation that the defendants should have the refusal.

The instruction upon the second point was, that if in the first trial the adjudication was against the plaintiff because he had not then made a tender of the rooms at the higher rent, while such tender had been made and refused before the commencement of this action, this element of difference in the cases, not passed on before, would distinguish them and prevent the application of the estoppel.

And, upon the third point, the jury were directed to give such damages as the plaintiff had sustained, not only the rent for the three months' occupancy, but measuring his losses in the inability to rent out afterwards, in consequence of their withholding, to other tenants. The jury assessed the damages at $200; and from the judgment rendered upon the verdict the defendants appeal to this court.

*Messrs. Dillard & Morehead* and *J. N. Staples*, for plaintiff.
*Messrs. Scott & Caldwell*, for defendants.

SMITH, C. J., after stating the foregoing. We do not concur in His Honor's interpretation of the plaintiff's contract in reference to the optional renewal of the lease given to the defendants. The meaning of the clause allowing them the refusal of the premises for another year, like the not unusual covenant of renewal found in leases and of equivalent force, ascertained from the language employed to express the common intent of the parties, is, that the defendants may have the rooms for the next succeeding year at their

election on the same terms and conditions, and on payment of the same rent. The lessor can no more increase the rent or vary the manner of payment, than he can the other provisions of the existing instrument under which the defendants hold possession. To allow the plaintiff to change the terms of the proposed renewal is to remove the binding force of his obligation altogether. "A covenant to let the premises to the lessee at the expiration of the term, without mentioning any price for which they are to be let; or to renew the lease upon such terms as may be agreed on," in the words of Mr. Taylor, " in neither case amounts to a covenant for renewal, but is altogether void for uncertainty." Tay. Land. & Ten. § 333.

The true and reasonable construction of a contract expressed in such general terms is thus stated by the same author in the preceding section: " A covenant that the lessee *shall have the refusal of the premises at the expiration of the lease for a specified time,* is a covenant to renew the lease *at the same rent* for such term. It is violated by the lessor if he refuses to renew the lease, except at an increased rent. *

* * And the lessee in such case is not obliged to wait until the actual termination of the lease, before he makes his election to have the lease renewed. For the lessor is bound to renew when the lessee makes his election and demands the renewal."

This statement of the law is sanctioned by an express adjudication of the Court of Appeals of New York in *Tracy* v. *Alb. Ex. Co.,* 3 Seld. 473, the essential features of which are represented in the present case. We state the material facts of it: The lease was made in February, 1847, for the term of two years and six months from the first day of November preceding, at an annual rent of $1000 payable in quarterly installments, and contained this covenant: " The said party of the first part to have the refusal of the premises at the expiration of this lease for three years

longer." On February 1st, 1849, the lessee demanded the new lease for the specified term of three years, and at the same rent. This was refused by the lessor, the defendant, unless the lessee, the plaintiff, would agree to pay at the rate of $1200 a year. Subsequently the plaintiff assented to the increase and accepted a new lease for one year at that sum, to prevent the premises from being rented to another, and himself dispossessed, and paid the amount under protest. He then brought his action to recover the excess of $200, and did recover it. The court say: "The plaintiff, in February, 1849; made his election and demanded performances. Defendant refused unless he would take the renewal at an enhanced rent, and gave notice that unless this was accepted he would rent to another. This *constituted a breach of the covenant.* There are several decisions that a covenant in a lease to renew it, without providing in respect to the term to be granted, or the amount of rent to be paid, implies a *renewal for the same term and rent.*" See 4 Kent Com., 108. *Renoud v. Darham,* 34 Conn., 512.

When the defendants three days before the end of the term made their election to renew, proffering the rent for the month and a second lease with the same provisions, except in its adaptation to the time of the new term, and the plaintiff refused both, as he had in January and February preceding declared his intention that they should not have the store another year, and their occupation must cease with the end of their present term, the plaintiff violated his covenant to renew.

While this provision for renewal is not itself a renewal so as to vest an estate in the defendants for the successive term, it gave them an equity, which, while it cannot be specifically enforced in the court of a justice, will be recognized as a defence to a proceeding for the ejectment of the defendants under the summary process provided in the

statute against tenants holding over after the expiration of their term.

The defendants having exercised their right to demand a renewal of the expiring lease were entitled to it, and to remain in possession, as long as they complied with its requirements and conditions, until the last day of May, 1881, and they are responsible for the accrued rent. It is true the plaintiff, disavowing his obligation, was endeavoring to put the defendants out of possession, and the defendants were meanwhile with equal earnestness and more success asserting their right under the contract to retain the possession, and as we sustain them in their claim of right, they must take it *cum onere* and pay the rent.

This view of the case dispenses with the necessity of considering and determining the other matters of defence, and disposes of the appeal.

There must be a new trial, and it is so adjudged.

Error.                                                   *Venire de novo.*