J. W. LUTZ and wife v. W. H. THOMPSON.

*Contract—Evidence—Jurisdiction.*

1. The court will not enforce one part of a contract, not intended as a separate and independent transaction, and leave the other parts unfulfilled.

2. Where a general scheme of settlement of an ancestor's estate was agreed upon by the heirs, which failed by reason of the refusal of some of them to sign the instrument, *it was held* competent to show, in a suit upon a bond given by one of them, that it was executed at the same time with the agreement and as a part of the plan of settlement, and that the agreement is still incomplete.

3. Where a justice's court has jurisdiction of the principal matter of an action, it also has jurisdiction of incidental questions necessary to its determination, and hence may admit an equity to be set up as a defence.

(*Garrett* v. *Shaw,* 3 Ired., 395 ; *McAdoo* v. *Callum,* 86 N. C., 419, cited and approved.)

CIVIL ACTION tried at Spring Term, 1882, of CLEAVELAND Superior Court, before *Gudger, J.*

This cause was begun before a justice and taken by appeal to the superior court, and comes here upon a single exception touching the admissibility of certain testimony offered by the defendant and excluded by the court.

The action is brought upon a plain bond for $16.11, dated July 31st, 1876, and given by the defendant to the feme plaintiff, the consideration being, as expressed upon its face, "real estate." Its execution and delivery were admitted by the defendant, but he put in evidence a paper, a copy of which accompanies the case marked " A," and proposed to show that it and the bond sued on were executed at the same time and under the following circumstances:

The children of Noah Hoyle, then lately dead, including the feme plaintiff and the wife of the defendant, were involved in disputes as to the advancements that had been made, by their ancestor during his life time, to the different members of his family; and there being no administrator, the parties met for the purpose of settling their difficulties, and supposing they had done so, the paper marked " A " was prepared and signed by the plaintiff and the wife of the defendant, together with some others of the family, with the understanding that it was to be signed by all, and that it was to be a complete adjustment of their differences, and with the same understanding and in pursuance of that agreement the bond sued on was then given.

He also offered to show that others of the children afterwards refused to sign it, or to submit to its terms; and that they, together with the plaintiff, had brought an action against the defendant for the recovery of the very land, to quiet the title to which the bond was given.

This evidence was offered with a view to showing that the two instruments being executed together, made but one instrument, constituting a part of an incomplete transaction,

which was afterwards frustrated—the defendant insisting that under such circumstance, the plaintiff ought not to be permitted to recover the amount of the bond of him. But the court upon objection being made by the plaintiff, excluded the evidence.

[Copy of the paper marked "A."]

We the undersigned heirs of Noah Hoyle, deceased, have this day divided the estate in our opinion as equitably as could be done, and we hereby bind ourselves to abide by the settlement thus made, viz: each of us has received and hereby acknowledge the receipt, for each of us, of four hundred and twenty-one $\frac{80}{100}$ dollars. Also, we appoint D. R. Hoyle and W. B. Hoyle as our agents to settle up said estate, not already settled, collect all debts due said estate, and pay all legal claims against the same, and after such settlement is made, to divide the residue, if any, amongst the heirs. As witness our hands this the 31st July, 1876. (Signed by ten members of the family.)

Verdict and judgment for plaintiffs, appeal by defendant.

No counsel for plaintiffs.
*Messrs. Hoke & Hoke* for defendant.

RUFFIN, J., after stating the above. In the opinion of this court, the evidence of the defendant was improperly excluded. Not that he could by parol annex to his bond a condition which upon its face it did not bear, or avail himself, in the present state of the pleadings, of a failure in its consideration; but upon the ground that the evidence tended to show that the contract, of which the bond sued on constitutes only a part, is still incomplete; or rather to establish the fact that, instead of a contract, the stipulations between the parties amounted only to a proposed contract, which has never acquired the force of an agreement, and conse-

quently cannot be enforced as a whole, because of the subsequent dissent of the necessary parties.

Taking the testimony to be true, it is plain that the parol agreement made by the plaintiff in July, 1876, and the bond then given by the defendant, were but parts of a general scheme for the settlement of their ancestor's estate, and were never intended or expected by the parties to stand as separate and independent transactions; and it would be evidently unjust to enforce one part of that scheme and leave other parts unfulfilled. See *Bell* v. *Bowers,* 4 Coldwell, (Tenn), 311.

Neither is there any difficulty in the question of jurisdiction over such a defence as that insisted on, because of the action having originated in the justice's court. Whenever such a court has jurisdiction of the principal matter of an action, as on a bond for instance, it must necessarily have jurisdiction of every incidental question necessary to its proper determination. *Garrett* v. *Shaw,* 3 Ired., 395. And though it cannot affirmatively administer an equity, it may so far recognize it as to admit it to be set up as a defence. *McAdoo* v. *Callum,* 86 N. C., 419.

Error. *Venire de novo.*