B. A. BERRY v. W. C. HENDERSON.

*Married Women; Contracts of—Jurisdiction of Justices of the Peace—Necessaries.*

1. Justices of the Peace have no jurisdiction to enforce contracts of a married woman, unless she is a *free trader*, whether she has separate property which she has charged or not.

2. Whether a cooking stove is a *necessary*, within the exceptions specified in § 1826 of *The Code*, depends upon the circumstances, manner of living, &c., of the *feme covert* alleged to have purchased it.

3. A widow, sued on her note, given during coverture, for a cooking stove, which she retained after her husband's death, cannot be held liable as upon contract for the price—the note being void in law, and no new promise alleged.

CIVIL ACTION, tried on appeal from a Justice of the Peace, before *Armfield, J.,* and a jury, at Spring Term, 1889, of BURKE Superior Court.

This was an action upon a note, executed by defendant for the purchase money of a cooking stove, purchased by the defendant. It was admitted that the note sued upon was executed by the defendant during her coverture for the purchase of a cooking stove; that the husband of the defendant had died since the execution of the note, and that said cooking stove had been in use during his life and since his death in cooking for the family. The Court said that the jury would be charged that a cooking stove was not a necessary, and that a note given for the purchase money of a cooking stove did not fall within any of the exceptions specified in § 1826 of *The Code* (it being bought during coverture), and that plaintiff could not recover. To this ruling plaintiff excepted.

Plaintiff offered to show that said stove was in use during the life-time of the husband, and had been in use since, the cooking for the family being done thereon, and that defendant was worth about eight or ten thousand dollars, and to argue therefrom that the stove was a necessary, for one in her condition of life. His Honor excluded the evidence, and stated that he would charge the jury, upon the evidence which was admitted and upon that offered, that the plaintiff could not recover, to which plaintiff excepted.

Upon this intimation from the Court, the plaintiff, in deference to the opinion of the Court, submitted to a judgment of nonsuit, and appealed.

*Mr. T. G. Anderson* (by brief), for the plaintiff.
*Mr. J. T. Perkins,* for the defendant.

SHEPHERD, J. The defendant moved to dismiss this action for want of jurisdiction, and it is very clear that the motion must be allowed.

It has been repeatedly decided by this Court that a Justice of the Peace has no jurisdiction to enforce the engagements of a married woman, unless she is a free trader. In *Dougherty* v. *Sprinkle*, 88 N. C., 301, RUFFIN, J., speaking for the Court, says, " that no such jurisdiction can be exercised by the court of a Justice of the Peace. seeing that, according to all authorities, his is but a common law Court, and that his jurisdiction does not embrace causes of a peculiarly equitable nature. *Fisher* v. *Webb*, 84 N. C., 44; *Murphy* v. *McNeill*, 82 N. C., 221; *McAdoo* v. *Callum*, 86 N. C., 419; *Lutz* v. *Thompson*, 87 N. C., 334. * * * At law a *feme covert* is incapable of making a compact of *any sort*, and any attempt of hers to do so is not simply voidable, but absolutely void. If, however, she be possessed of separate property, a court of equity will so far recognize her agreement as to make it a charge thereon. But even in that case and in that court, her contract has no force whatever as a personal obligation."

The present Chief Justice, in *Smaw* v. *Cohen*, 95 N. C., 85, says, in speaking of *Dougherty* v. *Sprinkle, supra:* "The decision has reference to contracts generally entered into by married women, and their enforcement against their separate estates. They are held to be obligatory, not upon the contracting *feme covert* personally, but upon her separate estate, and as the proceeding is in its nature equitable, as in a bill for foreclosure of a mortgage, relief could not be had in a Justice's Court."

MERRIMON, J., in *Planing Mills* v. *McNinch*, 99 N. C., 517, recognizes the law as above stated, by sustaining the jurisdiction of the Superior Court in an action against a married woman, for an amount under $200. He says, " it is expressly decided that the Superior Courts have jurisdiction in such cases," citing *Dougherty* v. *Sprinkle.*

We would have been content to have simply cited the latter case, in support of the view we have stated, but as its correctness was earnestly questioned, we have thought proper

·to cite other later cases in which it has been most completely sustained.

As this claim may be further prosecuted in the proper jurisdiction, it may not be improper to say that we do not concur in the ruling of his Honor, to the effect that "a cooking stove (*per se*) was not a necessary," and did not fall within any of the exceptions specified in *The Code*, § 1826. This should be determined in view of all the circumstances surrounding the defendant, such as her manner of living, her pecuniary means, and those of her husband, and to what extent he contributed to the support of herself and family. The mere fact that the wife has separate estate does not absolve the husband from the duty to support his family. Schouler's Domestic Relations, sec. 109.

It was suggested on the argument, in support of the jurisdiction of the Justice, that the defendant, having kept and used the stove after the death of her husband, is liable, *as upon contract*, for the price. The answer is, that no new promise is alleged in the complaint, that the action is brought upon the note executed during coverture, and that the note, being void *at law*, and not merely voidable, could not be ratified in this way, so as to sustain the common law jurisdiction of the Justice. Especially is this true, when in her answer the defendant signifies her willingness to restore the property. If, however, the circumstances were such as to make her original engagement binding in equity, under *The Code*, § 1826, it would be a sufficient consideration to support an express promise made after discoverture. 3 Amer. & Eng. Cyc., 841. This would be entirely consistent with *Felton* v. *Reid*, 7 Jones, 269, for there the original transaction was binding neither in law or equity, and the promise was probably held to be void.

The Justice having no jurisdiction, the action must be dismissed.

Dismissed.