W. R. BARBEE and wife and M. BANE v. A. S. GREENBERG.

(Filed 24 April, 1907).

1. **Land—Lease—Removal—Covenants—Form.**—In a lease of land containing an agreement, or covenant, giving privilege of renewal to lessee upon notice given, the covenant expressed by the agreement is not required to be in a technical form; upon the required notice being given within the proper time, the covenant, when sufficiently definite, and in the absence of any restraining stipulations, will be enforced as incident to the lease, conferring an assignable right and constituting a part of the tenant's interest in the land.

2. **Same—Partnerships—Retiring Partner—Assignee.**—Where there was a lease of a business lot for partnership purposes, containing a covenant of renewal, and one of the partners retired, having sold and transferred his entire interest in the business to his associate, the lease passed by the transfer as a partnership asset, and the right of renewal passed as incidental to the lease, conferring upon the assignee and his successors the privilege of its covenant.

3. **Landlord and Tenant—Lease—Covenants—Renewal—Assignee—Jurisdiction.**—The assignee of a lease, with the right to demand a renewal of the lease for his own benefit, can make such right available as a defense in an action to recover the possession, though the same be instituted before a justice of the peace.

CIVIL ACTION to recover possession of a storehouse, commenced before a justice of the peace and tried on appeal before *Justice, J.,* at January Term, 1907, Superior Court of DURHAM County.

A jury trial having been formally waived, the facts were found by the Court; and judgment was entered thereon for defendant, and plaintiff excepted and appealed.

*Manning & Foushee* for plaintiffs.
*Benjamin Lovenstein* for defendant.

HOKE, J.   It appears, from the facts found by the trial Judge, that the storehouse in question belonged to *feme* plaintiff, Virginia E. Barbee, and that on 14 August, 1903, she and her husband, W. R. Barbee, executed and delivered to A. S. Greenberg and J. Dean, a mercantile firm doing business under the name and style of A. S. Greenberg & Co., the premises in question for three years, "with the privilege of three years more," from 11 August, 1903, at $55 per month, R. W. Winston, Esq., to collect the first year's rent and W. R. Barbee to collect the balance; that said lease was duly registered, and the lessees entered upon the occupation and possession of the property in the transaction of the firm's business.

That some six or eight months after the lease had been executed Dean sold his interest in the firm to A. S. Greenberg, and A. S. Greenberg continued the business under the firm name of A. S. Greenberg & Co.   That W. R. Barbee knew that J. Dean had sold his interest to A. S. Greenberg about twelve months after the signing of the lease, and continued to collect the rents from A. S. Greenberg to the expiration of the lease.

That in May, 1906, before the three years' lease expired, A. S. Greenberg gave formal notice that he had determined to avail himself of "the three years additional referred to in

the contract, and that he would continue to occupy the store for the three years beginning 11 August, 1906. (Signed) A. S. Greenberg & Co., successors to Greenberg & Dean."

That in February, 1906, W. R. Barbee and wife leased the store to their co-plaintiff, M. Bane, to commence 11 August, 1906, and on that day this suit was instituted in the names of W. R. Barbee and wife and M. Bane against defendant, to recover possession of the property; that after the institution of the action the rent was tendered monthly by defendant, which was at first declined, but afterwards, and pending the proceedings, was received and receipted for by W. R. Barbee.

Upon these facts, the Court adjudged that plaintiffs are not entitled to recover possession of the property and that defendants are entitled to remain in possession of same for three years from 11 August, 1906.

By the terms of the lease the storehouse was granted to Greenberg & Co. for three years, ending 11 August, 1906, "with the privilege of three years more." Whether notice was required to be given during the term of the lessee's election to renew is not material here, for such notice was given; and if the firm of Greenberg & Co., as now constituted, had the right to demand a renewal of this lease for its own benefit, then this right can be made available as a defense to the present action, though the same was instituted before a justice of the peace. *McAdoo v. Callum,* 86 N. C., 419; *Lutz v. Thompson,* 87 N. C., 334; *Levin v. Gladstein,* 142 N. C., 482.

These covenants to renew are not required to be in any technical form (*McAdoo v. Callum, supra;* Amer. and Eng. Enc. (2 Ed.), vol. 18, 685), and when sufficiently definite will be enforced as incident to the lease; and, as such, conferring a right which constitutes a part of the tenant's interest in the land itself.

This being true, in the absence of any restraining covenant, the right may be assigned as an incident of the lease

and the benefit enforced by the assignee; and being a covenant which runs with the land, it will also be enforced against the lessor or his assigns. Taylor on Landlord and Tenant, 9 Ed., sec. 332; Wood on Landlord and Tenant, 2 Ed., sec. 413; Cyc., vol. 24, 996; *Piggott v. Mason,* 1 Paige, 412; *Betts v. June,* 51 N. Y., 274; *Blackmore v. Boardman,* 28 Mo., 420; *McClintock v. Joyner,* 77 Miss., 678; *Cook v. Jones,* 96 Ky., 273; *Brook v. Bulkley,* 2 Ves., Sr., 497.

In Taylor on Landlord and Tenant it is said: "The right of renewal constitutes a part of the tenant's interest in the land; and, in the absence of a covenant to the contrary, may be sold and assigned by him and the benefits of the right may be enforced by the assignee."

In Wood on Landlord and Tenant, *supra,* it is said: "A covenant for the renewal of the lease on the landlord's part is often inserted in a lease; and when it is, it is binding upon the landlord and his grantees or assigns, as such covenants relate to the land and pass with it." And, on page 944, the author further says: "The right of renewal constitutes a part of the tenant's interest in the land; and, unless restricted, may be sold or assigned by him, and the benefits of the covenant pass to the assignee and may be enforced by him." And in Cyc., *supra,* it is stated: "These covenants to renew are not personal, and the legal successors of the lessee, as well as the lessor, are entitled to the benefits and are burdened with the duties and obligations which such covenants confer on the original parties." See, also, Revisal, sec. 1586.

An application of the principles indicated by these authorities fully sustain the trial Judge in holding that, on the facts of the case, the plaintiffs have no present right to recover possession of the premises in question.

There was no stipulation in this lease restraining the lessees from a sale or assignment of their term. True, when

the lease was made, the firm of Greenberg & Co. was composed of A. S. Greenberg and J. Dean.   But it is found as a fact that, six or seven months after the execution of the lease, said Dean sold his interest in the firm to A. S. Greenberg, who continued the business under the firm name of A. S. Greenberg & Co.   The lease was an asset of the partnership, which passed to the purchaser, and with it the incidental right to demand a renewal.   *Betts v. June, supra; Blackmore v. Boardman, supra.*

In this last case it was held: "A covenant for the renewal of the lease is an incident of the lease and will pass by an assignment of the unexpired term."

We were referred by counsel to the cases of *Finch v. Underwood,* Chancery Division 2, 310; *James v. Pope,* 19 N. Y., 324; *Howell v. Behler,* 41 W. Va., 610, as authorities against the view which we have taken of the case; but we do not so understand these decisions.

In *Finch v. Underwood* there was a lease to two with continuing covenants joint and several on the part of the lessees, "and also a clause of forfeiture in case the tenants, or either of them, should become bankrupt or let the premises, or any part thereof, without license."   After one of the tenants had assigned to the other he became bankrupt, and it was held that assignee could not enforce a renewal to himself. Here, it will be noted, there was an express covenant in restraint of the lessees, or either of them, assigning his interest without license.

In *James v. Pope,* 19 N. Y., a lease to a partnership for three years, with privilege of renewal, two of the parties having sold their interest, retired, and a new firm was organized, which continued to occupy and possess the premises for some time after the expiration of the lease, and without any further contract or understanding with the land-

lord. When the new firm gave notice and abandoned the premises, it was sought to hold the original firm responsible as tenants for a second term, and it was held that the new firm had neither elected, nor had any power to elect, to renew the lease so as to bind the members of the original firm.

It will be noted here that the landlord in that action did not seek any recovery against the new firm, but the old; and so the question of the assignment and the rights or liabilities of the new firm under the same does not seem to have been presented.

Again, in *Howell v. Behler, supra,* there was a joint lease to six for five years, with privilege of renewal on giving sixty days' notice prior to expiration of the term. Such a notice was given by a purchaser of the interest of one of the lessees, but not signed or concurred in by the others at or within the time required by the terms of the lease.

In this case it was held that one of said lessees had no power to extend the lease by giving the required notice without the concurrence of the others, and that the defendant could have no higher or greater right than that of the individual lessee whose right she had purchased.

True, in this case, the other lessees seem to have afterwards joined with the purchaser in a bill in equity; or, rather, having been made defendants, they concurred in asking that the contract of renewal should be specifically executed. But this was after the expiration of the lease. They had not, so far as the case discloses, joined in the notice to renew, and the right to join in such notice so as to make same effective had passed by the express terms of the contract. *Product Co. v. Dunn,* 142 N. C., 471.

Both of these last cases seem to have proceeded upon the idea that in a lease to two or more, with privilege of renewal, one of the lessees cannot elect to renew without the concur-

rence of the others. This for the obvious reason that one shall not be bound by a contract to which he has not consented.

If the cases cited are capable of the interpretation put upon them by counsel, we would not hesitate to hold that they are not well considered in that they contravene the principle we have held as controlling on the facts of the present case; that in the absence of a restraining covenant, the lease, with the incidental right of renewal, is assignable; and the present firm, having taken such assignment during the existence of the former term, and having complied with all the stipulations of the lease, and being the sole owner of the right and interest arising by reason of the covenant to renew, is entitled to remain in possession of the premises, and plaintiffs' demand for present recovery was properly denied.

Affirmed.