R. J. REYNOLDS REALTY COMPANY v. MAUDE E. LOGAN AND MILTON STARR.

(Filed 16 June, 1939.)

**Landlord and Tenant § 15c: Ejectment § 3—Peremptory instruction that lessee had exercised right of renewal under terms of lease held error upon conflicting evidence.**

> The lease in question provided for the right of renewal by lessee or his assigns at a figure satisfactory to lessor in preference to third persons. *Held:* In an action in summary ejectment, after the expiration of the original period, a peremptory instruction in favor of the assignees of the lessee is error when the lessor offers evidence that he leased the premises at competitive bidding, that defendants were advised and entered a bid, that the premises were leased to a third person entering a higher bid, and that defendant did not renew or increase his bid, even though defendants offered evidence in contradiction thereof upon their contention that they were given no opportunity to obtain preference over third persons.

APPEAL by plaintiff from *Clement, J.,* at February Term, 1939, of Forsyth. New trial.

This was a summary ejectment proceeding instituted in the court of a justice of the peace, and by appeal tried by jury in the Superior Court. Plaintiff alleged that defendant was holding over after the expiration of the lease to defendants' assignor. Defendants asserted right to exercise renewal privilege contained in the original lease. Under peremptory instruction by the trial judge the jury answered the issues in favor of the defendants, and from judgment in accord with the verdict plaintiff appealed.

*Manly, Hendren & Womble and W. P. Sandridge for plaintiff.*
*Edward J. Hanson, John J. Ingle, and Frank H. Kennedy for defendants.*

DEVIN, J. The lease executed by plaintiff to defendants' assignor, and under which they occupied the premises, contained this provision: "It is understood, covenanted and agreed that at the expiration of this lease, provided the said premises are owned by the landlord and are for rent for the purpose of a theatre, the tenant, in event it has fully complied with all of the terms, covenants and conditions of this lease, shall be given the privilege of renewing the same in preference to a third party at a figure satisfactory to the landlord." By its terms this lease, which had been given for a period of five years, expired 31 December, 1938.

Plaintiff offered evidence tending to show that in May, 1938, defendants were advised that plaintiff proposed to consider only competitive proposals for a new lease and defendants were invited to submit a proposal. They were told that the contents of competitive bids would not be disclosed, and that the best proposal would be accepted without reopening the bidding. Pursuant to this understanding defendants, on 20 May, 1938, submitted a bid of $650.00 per month for a period of five years, the offer to expire 1 July, 1938. Plaintiff also received proposal from A. F. and J. B. Sams to pay $700.00 per month for a period of ten years, and to expend $10,000 in improvements. These bids were considered by plaintiff's board of directors and the Sams offer accepted 22 June, and lease executed to Sams 11 July, 1938, to begin 1 January, 1939. After due notice defendants refused to vacate the premises and this proceeding was instituted to eject them.

While there is authority for the position that when the lease contains a covenant for renewal and the tenant exercises his right to demand a renewal of the expiring lease, he is entitled to remain in possession, and this defense may be interposed in a summary ejectment proceeding before a justice of the peace. *Forsythe v. Bullock,* 74 N. C., 135;

LaVecchia v. Land Bank.

*McAdoo v. Callum,* 86 N. C., 419; *Lutz v. Thompson,* 87 N. C., 334; *Barbee v. Greenberg,* 144 N. C., 430, 57 S. E., 125. However, it was said in *McAdoo v. Callum, supra,* quoting from Taylor on Landlord & Tenant, sec. 333: "A covenant to let the premises to the lessee at the expiration of the term without mentioning any price for which they are to be let, or to renew the lease upon such terms as may be agreed on, in neither case amounts to a covenant for renewal, but is altogether void for uncertainty."

Here the defendants were given the privilege of renewing "in preference to a third party at a figure satisfactory to the landlord." Thus the terms were not agreed upon but were left open, with the sole restriction upon the landlord that defendants be given preference over a third party. Plaintiff's evidence tended to show that defendants were advised of plaintiff's requirement of competitive bidding for lease at expiration of the term, and that defendants were warned to make their best proposal. Defendants entered the competition with a bid which proved to be less than that of a third party. Defendants' offer, which, by its terms, expired 1 July, 1938, was not renewed or increased.

While the defendants offered evidence tending to contradict the plaintiff's testimony, and contended that no opportunity had been given them to obtain the privilege of preference to third parties accorded by the terms of the original lease, we conclude that the learned judge was in error in giving the peremptory instruction to the jury to which exception was noted, for which there must be a new trial.

New trial.