MONTE M. YOUNG v. VIRGINIA SWEET.

(Filed 2 March, 1966.)

**1. Contracts § 3;   Landlord and Tenant § 10—**

The law of contracts that an agreement relating to future undertakings must specify all of the essential and material terms and leave nothing to be agreed upon as the result of future negotiations, applies to a provision in a lease for an extension or renewal.

**2. Landlord and Tenant § 10—**

Provisions for a renewal of a lease with rental for the extended term to be subject to adjustment at the beginning of the extension period is void for uncertainty in regard to the material element of the amount of the rent.

Moore, J., not sitting.

Appeal by plaintiff from *Clarkson, J.,* October Term 1965 of Swain.

This is an action for damages for the asserted refusal to renew a lease as required in a rental contract. The lease from defendant and the Eastern Cherokee Tribe of Indians to plaintiff, incorporated in the complaint by reference, is dated July 15, 1959. It demises to plaintiff for a term of five years, beginning January 1, 1960, a lot and building in the Cherokee Reservation known as Cherokee Lodge, for use in selling Indian and mountain souvenirs. Lessee covenanted to pay to defendant Sweet the sum of $4,000 per annum, from which she would pay annually $800 to the Eastern Band of Cherokee Indians.

The lease was approved by the Business Committee of the Tribe and by the Superintendent of the Cherokee Agency.

Section 17, the concluding section of the lease, reads:

"17. Additional Provisions: It Is Understood That The Lessee Shall Have An Option To Renew This Lease For An Additional Five Years, provided the lessee has satisfactorily complied and is current with all provisions and terms of the original lease, and gives written notice to the Lessor and the Superintendent of his election to effect the option at least three (3 months) prior to the expiration date of the original lease, with rental being subject to adjustment at the beginning of the option period."

Plaintiff alleged he had complied with all the obligations imposed on him by the lease and had in due time given notice of his intention to renew and had obtained from the Department of the Interior, Bureau of Indian Affairs, its approval of the proposed renewal; but "defendant refused to enter into negotiations with plaintiff regarding the renewal of the aforesaid lease," and forced plaintiff to surrender possession of the demised premises on December 31, 1964, the end of the original term. He alleged he had suffered a loss of $30,000 by reason of defendant's failure to renew.

Defendant demurred, asserting: (1) The court was without jurisdiction to determine the controversy because the lease covered land in the Cherokee Indian Reservation; (2) the complaint failed

to state a cause of action, in that it affirmatively appeared that the parties had not agreed on the terms on which an extension would be granted.

The court sustained the demurrer and dismissed the action.

*T. D. Bryson, Jr., for plaintiff.*
*Parker, McGuire & Baley for defendant.*

RODMAN, E.J. An offer to enter into a contract in the future must, to be binding, specify all of the essential and material terms and leave nothing to be agreed upon as a result of future negotiations. *Thompson-McLean, Inc. v. Campbell,* 261 N.C. 310, 314, 134 S.E. 2d 671; *Wade v. Lutterloh,* 196 N.C. 116, 120, 144 S.E. 694; *Croom v. Lumber Co.,* 182 N.C. 217, 220, 108 S.E. 735; *Edmondson v. Fort,* 75 N.C. 404.

The rule applicable to contracts in general is applicable to contracts containing a provision for an extension or renewal of a lease. Devin, J., in *Realty Co. v. Logan,* 216 N.C. 26, 3 S.E. 2d 280, quotes with approval Taylor on Landlord and Tenant as follows: "A covenant to let the premises to the lessee at the expiration of the term without mentioning any price for which they are to be let, or to renew the lease upon such terms as may be agreed on, in neither case amounts to a covenant for renewal, but is altogether void for uncertainty." The quoted section from Taylor was likewise declared the law in *McAdoo v. Callum Bros.,* 86 N.C. 419. The rule so stated accords with the conclusions reached by a substantial majority of the courts of sister states. Annotation: "Validity and Enforceability of provision for renewal of lease at rental not determined." 30 A.L.R. 572; 51 C.J.S. 596; 32 Am. Jur. 806.

Here the lease in question expressly requires an agreement as to the amount of the rental as a condition of the renewal. Plaintiff alleges there has been no agreement. Plaintiff has not stated a cause of action. This conclusion renders it unnecessary to determine whether the Superior Court had jurisdiction.

Judgment dismissing the action is
Affirmed.

MOORE, J., not sitting.