JOHNNY N. IDOL AND JIMMY W. IDOL, SR. v. CECIL STANLEY LITTLE AND WIFE, PATRICIA J. LITTLE

No. 9018SC223

(Filed 16 October 1990)

1. **Landlord and Tenant § 13.2 (NCI3d) — option to renew lease — failure to state rent amount**

     An option to renew provision in a lease which is silent on the amount of rent due upon renewal and which does not provide that the renewal rent will be set by the parties' future agreement is valid and enforceable, and the amount of rent due upon renewal is impliedly the amount of rent due under the original lease.

     **Am Jur 2d, Landlord and Tenant §§ 1158, 1159.**

2. **Landlord and Tenant § 13.2 (NCI3d) — option to renew lease — failure to state rent amount — holding over — exercise of option**

     A renewal provision of a lease providing that the lessees "shall have three (3) options to renew this lease for a period of five (5) years each option" was valid and enforceable, and upon renewal the lessees were required to pay the lessors the amount of rent due under the original lease as modified by agreement.

     **Am Jur 2d, Landlord and Tenant §§ 1159, 1168, 1170.**

**3. Landlord and Tenant § 13.3 (NCI3d) — option to renew lease — exercise by holding over**

Where a provision for renewal of a lease did not require notice to be given as a prerequisite for renewal, defendants exercised their option to renew by holding over and continuing to pay the amount of rent due under the original lease as modified by agreement.

**Am Jur 2d, Landlord and Tenant § 1191.**

APPEAL by defendants from judgment filed 14 November 1989 by *Judge Lester P. Martin, Jr.*, in GUILFORD County Superior Court. Heard in the Court of Appeals 21 September 1990.

*Fish & Hall, by Konrad K. Fish and W. B. Trevorrow, for plaintiff-appellees.*

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for defendant-appellants.*

GREENE, Judge.

Defendants appeal from a judgment filed 14 November 1989 wherein the trial court concluded that an option provision in a lease entered into by the defendants was void for uncertainty.

On 27 April 1976, Mrs. Clarence D. Idol leased a four-acre tract of land in Greensboro, North Carolina to the defendants. The tract contained a convenience store. The ten-year lease term began on 1 May 1976 and was to terminate on 30 April 1986. The lease provided that rent would be paid monthly in advance, $225.00 per month for the first five years, and $250.00 per month for the second five years. The lease also contained the following renewal provision:

OPTIONS — Lessees shall have three (3) options to renew this lease for a period of five (5) years each option.

In March of 1977, Mrs. Idol died, and the plaintiffs, by the terms of Mrs. Idol's will, became the owners of the leased property. During the first five years of the lease term, the defendants paid the agreed-upon rent of $225.00 to Mrs. Idol and later to the plaintiffs. At some time after the first five years, the defendants agreed to pay the plaintiffs increased rental payments of $500.00 per month. The defendants paid and the plaintiffs accepted $500.00 per month

IDOL v. LITTLE

[100 N.C. App. 442 (1990)]

through July, 1988, over two years after the termination date of the original lease period.

On 20 July 1988, the plaintiffs informed the defendants that rent under the renewal would be $1,500.00 per month, retroactive to 1 May 1986. Although the defendants have refused to pay the increased rent and have refused to leave the property, since July of 1988 they have tendered $500.00 per month which the plaintiffs have refused to accept.

On 28 December 1988, the plaintiffs filed suit against the defendants under North Carolina's Declaratory Judgment Act. The plaintiffs asked the trial court to declare the renewal provision in the lease void and grant to the plaintiffs immediate possession of the property. After a hearing, the trial court adjudged the renewal provision to be void for uncertainty, that the lease therefore terminated on 30 April 1986, that since 30 April 1986 the defendants have been in possession as tenants from year-to-year, that this tenancy would terminate on 30 April 1990, and that the plaintiffs would have possession of the property on 1 May 1990.

---

[1] The issue is whether an optional renewal provision in a lease is void for uncertainty if the provision fails to provide the amount of rent to be paid by the lessee upon exercise of the renewal option.

Generally, a covenant of renewal in a lease which fails to provide the terms of renewal implies that renewal will be "upon the same terms as provided in the original lease," such covenant being "sufficiently definite and certain to be enforceable." 50 Am. Jur. 2d *Landlord and Tenant* § 1159 (1970). Therefore, in the absence of terms establishing the renewal rent, the amount of rent due under the renewal clause is the amount of rent required under the original lease. 2 M. Friedman, Friedman on Leases § 14.1 (2d ed. 1983 & Supp. 1989); Annotation, *Validity and Enforceability of Provision for Renewal of Lease at Rental Not Determined*, 30 A.L.R. 572, 577 (1924) (simple covenant to renew lease making no provision as to amount of rent during renewal period implies renewal for same rental in original lease, the covenant to renew thus being "sufficiently definite and certain to be valid and enforceable"), supplemented by 68 A.L.R. 157, 158 (1930) and 166 A.L.R. 1237, 1243 (1947). *See also* 50 Am. Jur. 2d *Landlord and Tenant* § 1165. We find North Carolina law on this issue to be generally consistent with these rules.

In *McAdoo v. Callum*, 86 N.C. 419 (1882), the plaintiff leased a storeroom to the defendants for a one-year period. The parties included a covenant in the lease which provided " 'that at the expiration of this lease they [the defendants] shall have the refusal of the above-mentioned premises for another year.' " *Id*. Subsequently, a dispute arose over the meaning of the above provision. Our Supreme Court, analogizing the provision for refusal with a covenant of renewal, held that " '[a] covenant that the lessee shall have the refusal of the premises at the expiration of the lease for a specified time, is a covenant to renew the lease at the same rent for such term.' " *Id*. at 422 (italics omitted). *See also First-Citizens Bank & Trust Co. v. Frazelle*, 226 N.C. 724, 40 S.E.2d 367 (1946) (renewal provision failing to provide amount of rent due upon renewal held valid); *Annot*., 30 A.L.R. 572, 577. *Cf. Young v. Sweet*, 266 N.C. 623, 624-25, 146 S.E.2d 669, 670-71 (1966) (where renewal provision stated that amount of renewal rent would be " 'subject to adjustment at the beginning of the option period,' " Court held that " '[a] covenant to let the premises to the lessee at the expiration of the term without mentioning any price for which they are to be let, or to renew the lease upon such terms as may be agreed on, in neither case amounts to a covenant for renewal, but is altogether void for uncertainty' "); *Annot*., 30 A.L.R. 572, 573. In *Young*, the Court was presented with a lease which provided that the rent due on renewal would be in an amount as subsequently agreed upon by the parties. In *McAdoo*, the lease was absolutely silent on both the method of determining the rent due on renewal and its amount. Accordingly, consistent with *McAdoo* and *Young*, an optional renewal provision in a lease which is silent on the amount of rent due upon renewal of the lease and which does not provide that the renewal rent will be set by the parties' future agreement is valid and enforceable, and the amount of rent due upon renewal is impliedly the amount of rent due under the original lease.

[2, 3] Applying the above law to this case, we conclude that the optional renewal provision in the parties' lease is valid and enforceable. By failing to provide the amount of rent due upon renewal and with no mention that the amount of renewal rent would be subject to the future agreement of the parties, the plaintiffs are entitled to receive and the defendants are required to pay rent in the amount of $500.00 per month, i.e., the amount of rent due under the original lease as modified by agreement. Because the

renewal provision did not require notice to be given as a prerequisite for renewal, and because the defendants held-over at the end of the original lease period continuing to pay the $500.00 per month rent which the plaintiffs accepted for over two years, the defendants have exercised their option to renew the original ten-year lease for a five-year period. *Kearney v. Hare*, 265 N.C. 570, 144 S.E.2d 636 (1965); *Frazelle*, 226 N.C. at 727, 40 S.E.2d at 370; Annotation, *Execution of New Lease as Within Contemplation of Option for Extension or Renewal of Lease*, 172 A.L.R. 1205, 1230-40 (1948) (North Carolina recognizes no distinction between "renewal" and "extension" provisions; thus, tenant exercises option to renew by holding over unless notice expressly required by lease; when tenant exercises option by holding over, tenant liable for full additional time and has right of possession for that period); 50 Am. Jur. 2d *Landlord and Tenant* § 1192. By exercising their option to renew, the defendants are entitled to the premises until the end of the first five-year renewal period. We do not address the issue of whether the defendants have exercised their option to renew for any period of time beyond the first five-year period as this issue is not presented to this Court. Accordingly, judgment of the trial court is reversed.

Reversed.

Judges ORR and DUNCAN concur.