MECKLENBURG COUNTY, Plaintiff v. SIMPLY FASHION STORES, LTD., Defendant

No. COA09-1625

(Filed 21 December 2010)

## 1. Appeal and Error— interlocutory order—substantial right —damages in condemnation

An appeal from an interlocutory order in a condemnation case affected a substantial right and was heard where the order involved the length of a lease and the construction of the lease by the county, which were crucial to determining compensation.

## 2. Appeal and Error— standard of review—condemnation— interpretation of lease

An appeal in a condemnation case concerned interpretation of a lease between the parties and the standard of review was *de novo*.

MECKLENBURG CNTY. v. SIMPLY FASHION STORES, LTD.

[208 N.C. App. 664 (2010)]

**3. Landlord and Tenant— lease—extension agreement—void for uncertainty**

The trial court did not err in a condemnation case by determining that defendant had no right to extend its lease for a second term. Even though the extension agreement of the original lease would have been valid and enforceable, a modification was void for uncertainty because it provided that the lease would be renewed on "such terms as may be agreed on." There was no merit to the argument that the actions of the parties should govern.

**4. Landlord and Tenant— condemnation—termination clause in existing lease—applicable**

The trial court did not err in a condemnation action by determining that the county had the right to terminate a lease pursuant to a contractual termination clause where defendant argued that the termination clause applied only to the original landlord, not the county; that it applied only during the initial term of the lease; and that it did not apply due to laches and equity.

**5. Eminent Domain— scope of project rule—applicable to value of property—not to lease provision**

The scope of the project rule applies to determine the use for which the property is valued, not to strike a provision which defendant negotiated, agreed to, and signed.

Appeal by defendant from order entered 22 June 2009 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 August 2010.

*Ruff, Bond, Cobb, Wade & Bethune, LLP, by Robert S. Adden, Jr., for plaintiff-appellee.*

*The Odom Firm, PLLC, by Thomas L. Odom, Jr. and David W. Murray, for defendant-appellant.*

JACKSON, Judge.

Defendant Simply Fashion Stores, Ltd. ("Simply Fashion") appeals the trial court's 22 June 2009 order that determined nine legal issues within a condemnation suit by Mecklenburg County ("the county"). For the reasons stated herein, we affirm.

On 8 December 2000, Simply Fashion entered into a lease agreement ("original lease") with Freedom Mall Partners ("FMP") for a period of five years with an option to extend the lease for up to two additional periods of five years each. This original lease included a termination clause, which read, in pertinent part: "In the event the mall is sold and the new owner intends to Convert the Mall to a non-retail use, after July 31, 2001, the Landlord has the option to terminate the Lease by Giving the Tenant one-hundred twenty (120) days written notice of such termination" ("termination clause" or "section 4.01").

On 14 November 2001, FMP and Simply Fashion agreed to a modification of the original lease ("Modification I"). By this Modification I, Simply Fashion relocated to a larger space within the mall and agreed to an increased rent. The agreement modified the tenancy period as follows: "The term shall be Two (2) years commencing from the possession date." Modification I also changed the option for extending the lease, providing that "Extension Term(s): Shall be negotiable." Modification I provided that "[a]ll other terms and conditions of the Lease (except as modified herein) shall remain in full force and effect."

On 14 July 2003, FMP and Simply Fashion entered into a second modification of the original lease ("Modification II"). By this Modification II, the parties agreed to a rent increase and to extend the lease term for two years beginning 1 December 2003 and ending 30 November 2005. Modification II provided that all other conditions "shall remain in full force and effect . . . ."

On 29 January 2004, the county bought the Freedom Mall property and became the successor-in-interest to the leasehold agreements held by FMP.

In a letter dated 27 July 2005 ("lease extension letter"), Simply Fashion notified the county that it was "exercising [its] option to renew per the lease agreement . . . ." The county signed and returned the letter indicating its agreement to an extended lease term beginning 1 December 2005 and ending 30 November 2010.

On 29 January 2008, the county sent a letter to Simply Fashion indicating its intent to convert the entire mall property into offices for use by the county government. The letter requested Simply Fashion to terminate its lease voluntarily. On 18 March 2008, the county's attorney sent a letter to Simply Fashion with an offer of

$21,813.00 if it agreed to an early termination of the lease. Simply Fashion rejected the early termination offer. Due to a copying error making part of the original lease illegible, the county was unaware of the early termination clause contained in the original lease at the time the county made the payment offer.

On 12 May 2008, the county filed suit to condemn Simply Fashion's leasehold interest in the Freedom Mall property. On 22 June 2009, the trial court made findings of fact and conclusions of law as to issues other than just compensation. The trial court concluded, *inter alia*, that (1) the county had the right to terminate the lease with only 120 days' notice pursuant to section 4.01 of the original lease; (2) Simply Fashion did not have an option to extend the lease five additional years; (3) the doctrines of laches, waiver, estoppel, and unclean hands did not prevent the county from asserting a right to terminate nor did they allow Simply Fashion a right to extend the lease; (4) the jury would be allowed to consider the effect of the termination clause when determining just compensation; and (5) as of 12 May 2008, Simply Fashion had thirty months remaining on its leasehold. Simply Fashion appeals.

**[1]** Initially, we note that, although this appeal is interlocutory, it affects a substantial right and therefore, is properly before us.

An order is interlocutory when it does not dispose of the entire case but instead, leaves outstanding issues for further action at the trial level. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916)), *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Ordinarily, when an order is interlocutory, it is not immediately appealable. *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, we will review the trial court's order if it "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 (citations omitted); *see also* N.C. Gen. Stat. § 1-277(a) (2007) ("An appeal may be taken from every judicial order or determination of a judge of a superior or district court, . . . which affects a substantial right claimed in any action or proceeding[.]").

"[T]his Court has held on multiple occasions that orders under N.C. Gen. Stat. § 40A-47 [determination of issues other than damages in condemnation proceedings] are immediately appealable as affecting a substantial right." *City of Winston-Salem v. Slate*, 185 N.C. App. 33, 37, 647 S.E.2d 643, 646 (2007) (citing *Piedmont Triad Reg'l Water*

*Auth. v. Unger,* 154 N.C. App. 589, 591, 572 S.E.2d 832, 834 (2002), *disc. rev. denied,* 357 N.C. 165, 580 S.E.2d 695 (2003)).

Here, the order does not dispose of the entire case, as the issue of damages remains outstanding. However, as argued by Simply Fashion, the issues on appeal "directly involve vital preliminary issues of the length of Simply Fashion's leasehold interest and the construction of the lease taken by the [c]ounty which is crucial in determining constitutionally mandated just compensation." Therefore, consistent with our case law, we hold that the trial court's order—which determines issues other than damages in a condemnation proceeding—affects a substantial right, and we review the merits of Simply Fashion's appeal.

[2] "It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Building Co.,* 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992) (citing *Chemical Realty Corp. v. Home Fed'l Savings & Loan,* 84 N.C. App. 27, 37, 351 S.E.2d 786, 792 (1987)). "Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo.*" *Id.* (internal citations omitted). Issues of contract interpretation are matters of law. *Harris v. Ray Johnson Constr. Co.,* 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000) (citing *Davison v. Duke University,* 282 N.C. 676, 712, 194 S.E.2d 761, 783 (1973)).

Because the questions which we confront concern interpretation of the lease between the parties and are, therefore, matters of law, we review them *de novo.*

[3] Simply Fashion first argues that the trial court erred in determining that Simply Fashion had no right to extend its lease for the second term. We disagree.

Our Supreme Court has held that, when the rental rate for a lease renewal is left to be negotiated at a future time, such a covenant is not enforceable. *Idol v. Little,* 100 N.C. App. 442, 445, 396 S.E.2d 632, 634 (1990) (citing *Young v. Sweet,* 266 N.C. 623, 625, 146 S.E.2d 669, 671 (1966)). In addition,

"[a] covenant to let the premises to the lessee at the expiration of the term without mentioning any price for which they are to be let, or to renew the lease upon such terms as may be agreed on, in neither case amounts to a covenant for renewal, but is altogether void for uncertainty."

*Young v. Sweet*, 266 N.C. 623, 625, 146 S.E.2d 669, 671 (1966) (quoting *Realty Co. v. Logan*, 216 N.C. 26, 28, 3 S.E.2d 280, 281 (1939)). In contrast,

an optional renewal provision in a lease which is silent on the amount of rent due upon renewal of the lease and which does not provide that the renewal rent will be set by the parties' future agreement is valid and enforceable, and the amount of rent due upon renewal is impliedly the amount of rent due under the original lease.

*Idol*, 100 N.C. App. at 445, 396 S.E.2d at 634.

In the case *sub judice*, the original lease provided for extensions of "TWO (2) ADDITIONAL PERIOD(S) OF FIVE (5) YEARS EACH[.]" However, when the parties entered into Modification I, they agreed that the terms of the extensions "[s]hall be negotiable." Even though the extension provision of the original lease would have been "valid and enforceable" because it was "silent on the amount of rent due upon renewal of the lease[,]" *id.*, Modification I replaced that provision with an agreement "to renew the lease upon such terms as may be agreed on," which "is altogether void for uncertainty[,]" *Young*, 266 N.C. at 625, 146 S.E.2d at 671 (citation omitted). Therefore, the trial court properly concluded that Simply Fashion did not have the right to a second extension.

As part of this argument, Simply Fashion contends that the parties' conduct prior to the date of the filing of the condemnation proceeding demonstrates that they both believed that Simply Fashion had the right to extend through 2015. However—as found by the trial court—in a letter sent to Simply Fashion on 18 March 2008, the county's attorney "contradicted the express terms of the lease documents" by writing that "[t]he Simply Fashion lease terminates November 30, 2010, and there is one five-year option remaining thereafter." This Court has held that "in cases where the language used is clear and unambiguous, construction is a matter of law for the court. In those cases, the court's only duty is to determine the legal effect of the language used and to enforce the agreement as written." *Computer Sales International v. Forsyth Memorial Hospital*, 112

N.C. App. 633, 634-35, 436 S.E.2d 263, 264-65 (1993) (internal citations omitted), *disc. rev. denied*, 335 N.C. 768, 442 S.E.2d 513 (1994). Accordingly, the plain and unambiguous language of the lease documents controls, and Simply Fashion's argument that the actions of the parties should govern is without merit.

[4] Second, Simply Fashion contends that the trial court erred in determining that the county had the right to terminate the lease pursuant to the contractual termination clause, because section 4.01 applies only to the original landlord, FMP; section 4.01 applies only during the initial term of the lease and not during extensions; and equitable doctrines operate to prevent section 4.01 from being considered in calculating just compensation. We disagree.

As noted *supra*, "in cases where the language used is clear and unambiguous, construction is a matter of law for the court. In those cases, the court's only duty is to determine the legal effect of the language used and to enforce the agreement as written." *Id.* (internal citations omitted).

Section 4.01 of the original lease provides:

> The Initial Term of the Lease shall commence on the Lease Commencement Date and shall continue for the number of Lease Years stated on the Face Page, unless sooner terminated in accordance with the terms hereof or extended as provided hereafter. In the event the mall is sold and the new owner intends to Convert the Mall to a non-retail use, after July 31, 2001, the Landlord has the option to terminate the Lease by Giving the Tenant one-hundred twenty (120) days written notice of such termination.

According to Simply Fashion, the term "Landlord[,]" as used in section 4.01, describes only FMP and not the county, as FMP's successor-in-interest. However, other portions of the original lease contradict this interpretation. In section 25.06, the original lease provides:

> This Lease and all terms, conditions and covenants herein contained, shall, subject to the provisions as to assignment, apply to and bind the parties hereto and their respective heirs, administrators, executors, successors, and assigns.

In addition, "landlord" is used in other portions of the original lease to refer to both FMP and any successors-in-interest. For example, section 18.02 provides that "[i]f the Tenant is in default . . . , then Landlord . . . shall have the following rights: (1) To terminate this

Lease upon (10) days' written notice to Tenant[.]" Furthermore, section 4.01 would be meaningless if only FMP could exercise it—the provision only becomes effective "[i]n the event the mall is sold" and at that point, FMP would no longer be a party to the contract and would no longer have any rights over the tenant, including the right of termination. Therefore, the term "Landlord" in section 4.01 is applicable to the county, as FMP's successor-in-interest.

Section 4.01 also applies to the extension terms as well as the initial term of the original lease. Even though section 4.01 is entitled "Initial Term[,]" section 25.05 specifically provides that "[t]he captions or titles used throughout this Lease are for reference and convenience only and shall in no way define, limit or describe the scope or intent of this lease." The second sentence of section 4.01 does not refer to the "initial term" and the only time limitation included in it is that the clause is not effective until "after July 31, 2001[.]" Accordingly, no temporal constraints prevent the county from exercising the termination clause provided in section 4.01.

Finally, equitable doctrines do not prevent the consideration of section 4.01 when a jury determines Simply Fashion's just compensation. The doctrine of laches does not apply, because Simply Fashion has neither alleged nor demonstrated that it was injured or disadvantaged by the county's failure to exercise its rights pursuant to the termination clause. *See MMR Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209-10, 558 S.E.2d 197, 198 (2001) (noting that one element of the defense of laches is that "the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches[.]").

The doctrine of waiver also does not apply in the instant case. "There can be no waiver unless so intended by one party, and so understood by the other, or one party has so acted as to mislead the other." *Baysdon v. Insurance Co.*, 259 N.C. 181, 188, 130 S.E.2d 311, 317 (1963) (citing *Manufacturing Co. v. Lefkowitz*, 204 N.C. 449, 453, 168 S.E. 517, 519 (1933)). Here, the county, in its letters to Simply Fashion, did not communicate an intent to waive any rights to terminate nor did it make any reference to the termination clause whatsoever. Furthermore, Simply Fashion could not have been misled by the county's conduct, because according to Simply Fashion's interpretation of the original lease, the county never possessed a right to exercise the termination clause. Simply Fashion could not have understood the county to waive a right when it did not acknowledge that such a right existed.

Similarly, estoppel does not prevent section 4.01 from factoring into a just compensation determination. Among the other elements of estoppel, the party asserting the defense of estoppel must have "relied upon the conduct of the party sought to be estopped *to his prejudice.*" *Hensell v. Winslow,* 106 N.C. App. 285, 291, 416 S.E.2d 426, 430, *disc. rev. denied,* 332 N.C. 344, 421 S.E.2d 148 (1992) (emphasis added) (citation omitted). As noted *supra,* Simply Fashion has not shown that it relied upon any representation by the county to Simply Fashion's prejudice. Simply Fashion does not assert that it has taken any action based upon its belief that the county had chosen not to exercise a provision of the lease that Simply Fashion never considered it able to exercise. Accordingly, neither estoppel nor any other asserted equitable doctrine operates to exclude the termination clause from a calculation of the just compensation due Simply Fashion.

[5] Simply Fashion also attempts to use the "scope of the project" rule to argue that section 4.01 should not be considered when determining the amount of just compensation. This is a misinterpretation of the scope of the project rule.

Our legislature set forth the scope of the project rule in North Carolina General Statutes, section 40A-65(a):

> The value of the property taken, or of the entire tract if there is a partial taking, does not include an increase or decrease in value before the date of valuation that is caused by (i) the proposed improvement or project for which the property is taken; (ii) the reasonable likelihood that the property would be acquired for that improvement or project; or (iii) the condemnation proceeding in which the property is taken.

N.C. Gen. Stat. § 40A-65(a) (2007). This rule prevents the valuation of the property for just compensation purposes from being influenced by the effects of the condemnation itself. *See Raleigh-Durham Airport Authority v. King,* 75 N.C. App. 57, 62, 330 S.E.2d 622, 625 (1985) ("Since a property-owner cannot capitalize under the statute on any increase in the property's value due to the reasonable likelihood that it will be acquired, the condemnor likewise cannot take advantage of any resulting decrease in the property due to the threat of condemnation.").

Simply Fashion argues that, because the termination clause is not triggered except in the event that the "new owner"—here, the

county—intends to use the space for a non-retail purpose and because the scope of the project rule prevents the condemnor's future use of the property from affecting the amount of just compensation, the termination clause in section 4.01 cannot be considered in valuing the property here. We hold, as did the trial court, that the scope of the project rule applies to the current set of facts. Nonetheless, this rule operates to require that the property be valued as retail space rather than government office space, which is the use intended by the county. Simply Fashion's attempt to extend the application of this rule to strike a provision from a contract—that it negotiated, to which it agreed, and which it signed—is beyond the parameters of the scope of the project rule. Accordingly, the county had the right to terminate the lease pursuant to section 4.01, and Simply Fashion's arguments to the contrary are without merit.

Because Simply Fashion bases its third argument—that the trial court erred in ordering that its findings of fact and conclusions of law are binding upon the parties—upon its first two issues and because—as discussed *supra*—Simply Fashion does not have the right to a second extension and the county had the right to terminate the lease pursuant to the termination clause, Simply Fashion's third argument is overruled.

For the reasons stated, we hold that the trial court did not err in finding that Simply Fashion did not have a right to a second extension, that the county had the right to exercise the termination clause, and that the findings of fact and conclusions of law are binding upon the parties.

Affirmed.

Judges GEER and BEASLEY concur.